David Merritt and Salma Merritt, *Pro se*
660 Pinnacles Terrace
Sunnyvale, CA 94085
dymerritt@hotmail.com

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALMA MERRITT AND DAVID MERRITT, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTRYWIDE FINANCIAL CORP, ET AL, <br><br> Defendants'. | Case No.: C09-01179 JW <br><br> REPLY IN OPPOSITION TO MOTION TO STRIKE PORTIONS OF SECOND AMENDED COMPLAINT (Rule 12(f)) AND MOTION TO DISMISS PURSUANT TO F.R.CIV.P. 8(a) |

## I.     INTRODUCTION

Comes now, plaintiffs Salma and David Merritt, with their response to Defendants BofA et al July 7, 2009, Motion to Strike Portions of Second Amended Complaint and Motion to Dismiss pursuant to *F.R.Civ.P.* 8(a), stating that they oppose Defendants motion due to it being baseless and having no basis under Federal Rules or Law. The Plaintiffs asseverates that Defendants motion should be denied precisely because: 1) This Court has full authority, and the discretion, to permit as many amendments it deems proper in order to serve the ends of Justice and it did not limit the "scope" of amendment; 2) *F.R.Civ.P.* 15 authorizes Plaintiffs to amend action as they believe best represents their experiences at the hands of defendants as well as when new facts or law come to light; 3) The paragraphs cited by Defendants as Redundant, immaterial et cetera demonstrates a routine practice that is essential to the gravamen of this action and therefore material; and, 4) Defendants have confused simple and concise complaint or claims with a simple and concise complaint which does not call for specificity in its pleadings.

## II. FACTS

The Plaintiffs incorporates paragraphs 1 through 398 of the *Stipulated Amended Complaint* (SAC), as if they were each fully set forth herein.

During 2003, defendants Mozilo and Sambol commenced a conspiracy which would falsely advertise to plaintiffs' and Americans (through U.S. Mailings, television, phone calls, face-to-face meetings etc.) that Countrywide could be trusted to finance or refinance their home, with an aim of defrauding Americans with exorbitant mortgages through subprime loans that concealed the fact that they qualified for prime or less costly loans, in a plan to transfer (or strip away) homeowners equity over to them through the most elaborate and lucrative mortgage lending scheme that has hitherto existed. (SAC ¶¶ 27 – 35, 42, 61, 62, 84, 90, 93, 122, 139, 143, 220, 209, 243, 277, 278, 350, 356, 360). As most schemes, it was not able to sustain itself, and resulted in triggering or significantly contributing to the current US economic downfall, which has contributed to the US and Global rescission. Please see, http://www.govtrack.us/congress/record.xpd?id=111-h20090506-54&person=400211 and *Who's Behind The Economic Meltdown*, Center For Public Integrity http://www.publicintegrity.org/investigations/economic_meltdown/articles/entry/1286/.

This action has over 50 separate and individual actions or inactions taken by respective defendants on over 50 separate occasions. These actions includes, but are not limited to, face-to-face meetings or communicating via telephone, e-mails, US mail or faxes in order to plan, prepare and act on ways to misled and deceive the Plaintiffs and millions of other Americans, SAC ¶¶ 24, 25, 26, 27, 29, 30, 31, 37, 42, 46, 59, 61, 62, 63, 77, 85, 89, 97, 118, 119, 138, 143, 149, 150, 175, 181, 185, 197, 260, 277, 278, 291, 299, 385, 386 promulgating policies or practices that falsified or excessively charged mortgage finance charges, SAC ¶¶ 39, 48, 56, 83, 125, 126, 127, 128, 139, 140, 180, 183, 195, 210, 245, 249, 265, 266, 269, 294, 299; intentionally withholding vital disclosures or data therein, SAC ¶¶ 48, 147, 211, 373; implementing a practice of discriminating based on Race or Gender SAC ¶¶ 37, 46, 51, 54, 79, 92, 126, 149, 150, 152, 160, 162, 163, 177, 185, 187, 299, 308, 311, 316, 341, 344, 347; employing a practice of repeatedly prevaricating about essential lending facts SAC ¶¶ 29, 88,

118, 124, 139, 143, 169, 202, 217, 245, 307, 323, 324, 327, 343, 364; steering hard working people/plaintiffs into loans they would ultimately be unable to afford SAC ¶¶ 60, 76, 84, 118, 138, 175, 176, 178, 189, 195, 208, 239, 240, 243, 249, 250, 258, 260, 261, 262, 281, 282, 312, 328, 380; establishing then violating fiduciary responsibilities, id. and 364; bribing, buying or paying off others to incentivize them into supporting their schemes SAC ¶¶ 31, 33, 58, 137, 168, 211, 218, 233, 304, 306, 307, 356(a), 385,; breaching their contract obligations SAC ¶¶ 156, 160, 309, 345, 362, 363; 364, 387 and, running a vast racketeering enterprise which used the corporations of Bank of American, Countrywide and Wells Fargo SAC ¶¶ 23 to 321.

The activities of Defendants Mozilo, Sambol, Lewis and Stumpf involved decisions which targeted Americans, like the Plaintiffs, with a clear scheme to defraud them out of their money and property's equity. Although these named defendants did not conspire with the plaintiffs names specifically in mind initially SAC ¶¶ 26 – 59, they did conspire to defraud Americans who would be in the plaintiffs' status of buying a home mortgage SAC ¶¶ id. Later, when Plaintiffs (and other Americans) apprised these defendants of the illegal conduct that they were experiencing at their respective organizations hands, each defendant either intentionally ignored complaints or authorized for conduct to continue through a policy or practice, and refused or failed to act in order to rectify wrongdoing. Id at 33, 56, 108, 152, 153, 164, 190, 212, 216, 293, 318, 329, 330, 352, 355, 359, 375,

On June 9, 2009, the Plaintiffs presented a request to defendants Lewis, Stumpf et al, for stipulation to amend action. The latter agreed and signed stipulation, the former antagonistically refused (Doc#52). The Plaintiffs then notified the Court that Lewis' counsel refused via filed "Motion for Leave to Amend and *Partial* Stipulation to Amend" id. This Court was not confused and saw that only Wells Fargo/Stumpf signed stipulation, and in its full discretion granted leave to amend. (Doc#57). The plaintiffs researched Rule 15 Annotated Decisions and learned that it authorized them to add additional claim which conforms to evidence and so they added the Eleventh Claim and clarified allegations overall, id.

### III. Court Has Authority To Accept Stipulation And The Scope of Amendment Was Not Limited By Court

The authority to grant or deny amendments rest, "ordinarily ... within the discretion of the trial court." *Slavitt v. Kauhi*, 384 F.2d 530, 533 (9th Cir. 1967). And the 9th Circuit has long established that "leave to amend 'shall be freely given when justice so requires [and] ...applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003). Even to add new claims. See *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)(Adding new claims is not fatal to granting or denying amendment).

The Defendants argument is profoundly meritless and disingenuous. They are asking this Court to disregard the long established Federal principles of "freely" permitting amendments and to apply a standard from the archaic common law concepts of the 19th and earlier centuries. The antithesis to modern American Jurisprudence. Moreover, they wish to penalize plaintiffs for not being trained lawyers when judicial mandate holds *pro se* complaints "however inartfully pleaded' are held to less stringent standards than" lawyer pleadings. *Hughes v. Rowe*, 449 US 5, 9 (1980). Yet the defendants themselves are not meeting the standards of legal professionals by not pointing to any law which mandates that a Court cannot accept a stipulation if at least one defendant agrees to stipulation, a glaring omission which indicates that they have no legal basis for such an argument.

Moreover, defendants Lewis and BofA are claiming that the Court somehow did not understand the plain language of the *Motion for Leave to Amend* and was misled by its attachment. With all due respect to the Court, the plaintiffs believe that the Court understood the plain language of the motion citing that defendants BofA and Lewis did not sign the attached stipulation and that defendants Wells Fargo and Stumpf did—the other defendants never returned plaintiffs calls on this issue. More importantly, the Court does have broad discretion to accept stipulations and is "not impotent when one or more parties to a stipulation become recalcitrant." 73 AmJur2d § 10, Stipulations (2001).

Regarding defendant Lewis and BofA assertion that plaintiffs exceeded the "implicit scope" of Court's order to amend, again it seems that they are attempting to manipulate the

1  Court's perception. With all due respect to the Court, the plaintiffs counter that if the Court
2  wished to limit the scope of amendment, It would have specified such. The Court is the one
3  which, *sua sponte*, ordered for plaintiffs to have additional time to file SAC and to do so under
4  separate filing. No party has the authority to supplant the Court's intent with their own. Again
5  neither facts nor law is identified by any defendant.

6        On the other hand, the law does give this Court full discretion to grant amendments.
7  F.R.Civ.P. Rule 15 mandates that a party can amend their complaint when opposition consents or
8  by leave of Court, Rule 15(2). Here, defendants Wells Fargo and Stumpf agreed, while BofA and
9  Lewis refused. There is *nothing* in Rule 15 which dictates that *all* parties must stipulate.
10 Additionally, amendments are allowed if new facts arise, *Ohio Valley Environmental Coalition*
11 *v. U.S. Army Corps of Engineers*, 243 F.R.D. 253 (S.D.W.Va.2007); to conform to evidence,
12 *N.L.R.B. v. Merrill*, 388 F.2d 514 (10th Cir.1968); after motion to dismiss is filed, *Miles v.*
13 *Department of Army*, 881 F.2d 777 (9th Cir.1989); amendments are permitted to add RICO
14 claims out of same alleged conduct cited in original complaint. *Javier H. v. Garcia-Botello*,
15 239F.R.D. 342, (WD NY 2006); add antitrust violation to breach of contract action whose facts
16 were similar. *Bravman v. Bassett Furniture Industries, Inc.* 64 F.R.D. 7 (E.D.Pa.1974); and
17 "allegations of a new theory ... will not be time-barred" when it derives from same "core of
18 operative facts ... in the original claim." *Clipper Exxpress . Rocky Mountain Motor Tariff*
19 *Bureau, Inc.*, 690 F.2d 1240 (9th Cir.1982).

20     IV.    **Amended Claim and Facts are Not Immaterial, Irrelevant or Prejudicial**

21       "Relevant evidence' means evidence having any tendency to make the existence of any
22 fact that is of consequence to the determination of the action more probable or less probable than
23 it would be without the evidence." Rule 401 and can only be excluded if "its probative value is
24 substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading
25 the jury...." F.R.Evid Rule 403; however, "Evidence of the *habit of a person or of the routine*
26 *practice of an organization*, whether corroborated or not and regardless of the presence of
27 eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular
28 occasion was in conformity with the habit or routine practice." Id Rule 406. Emphases Plaintiffs.