David Merritt and Salma Merritt, *Pro se*
660 Pinnacles Terrace
Sunnyvale, CA 94085
dymerritt@hotmail.com
Tel: 408.469.5584

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALMA MERRITT AND DAVID MERRITT,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION; ET AL,<br><br>    Defendants. | Case No. C09 01179 JW<br><br>**PLAINTIFFS RESPONSE TO DEFENDANTS STUMPF AND WELLS FARGO REPLIES TO PLAINTIFFS OPPOSITIONS**<br><br>Date:         September 14, 2009<br>Time:        10:00 a.m.<br>Courtroom:  8, 4th Floor<br><br>Date Action Filed: March 18, 2009<br>Trial Date:         Not set |

   The plaintiffs' come before the Court with their Response to Defendants Stumpf and Wells Fargo Reply to Plaintiffs Opposition To their Motion to Dismiss, stating that because the Second Amended Complaint (SAC) allegations clearly demonstrates, inter alia, defendants Stumpf and Wells Fargo entering into, and participating in the Countrywide/BofA Racketeering fraudulent conspiracy, that their motion to dismiss must be denied as a matter of law.

   Specifically, defendants Stumpf and Wells Fargo are mischaracterizing plaintiffs' opposition and the SAC in several ways. They, like the other defendants, are attempting to divert attention away from the gravamen of this action as well as proper legal standards appropriate for

MERRITT v. COUNTRYWIDE, ET AL                                1.

1   this case. However, since plaintiffs filed their Opposition Brief, defendants have now switched or
2   reduced their argument to be: 1) No loan transaction occurred between plaintiffs and them; 2)
3   statute of limitations has run out on TILA and RESPA; and, 3) SAC lacks sufficient specificity.

4       It is very clear now that the defendants are purposely evading the basis of this action.

5       Defendant Stumpf personally communicated with defendants Mozilo, Sambol and Lewis,
6   and joined in several agreements which would target African-, Latino-, and others unsophisticated
7   in the mortgage industry with false and misleading advertisements and practices which Mozilo,
8   Sambol et al designed to intentionally violate state and federal laws so as to deceive plaintiffs and
9   like borrowers, in order to maximize their own personal wealth at the expense of stripping
10  borrowers of their home equity. See Plaintiffs Oppositions doc#s: 87, 92 and 93 with precise
11  references to SAC. The dates, names, subject, content and more is cited.

12      Additionally, defendant Stumpf personally, without any coercion, ordered Wells Fargo
13  staff to direct people like the plaintiffs to Countrywide in order to supply it with victims for its
14  Predatory Loan operations. He then ordered other staff to work with Countrywide staff to select
15  certain loans that Wells Fargo could invest in and or otherwise securitize on the secondary market.
16  Please see the attached communiqué from defendant BofA—*Exhibit A*—which directly informs
17  the Court that defendant Stumpf has been misrepresenting his and Wells Fargo's involvement in
18  these claims.

19      Next, defendant Stumpf raises a new argument not raised in motion to dismiss and waived
20  it on statute of limitations. Plaintiffs ask the Court to take basic Judicial Notice that there exists
21  well established principle of law which holds that when a party withholds or otherwise conceals
22  vital information which would inform another that a cause of action exist, that such action Tolls
23  the statute of limitations.

24      Such is the case here.

25      The SAC clearly alleges that not only the policies and practices of the Master Mind
26  defendants was to conceal vital information, but that defendants Colyer and other Countrywide
27  staff refused to issue vital documents at closing and thereafter until 2009. See SAC ¶¶ 127, 141-
28  147, 151, 167, 174. The plaintiffs have now learned by the defendants providing all of the

1  documents in 2009, exactly which documents were withhold. These documents are listed by the
2  Forensic Loan Auditors who audited plaintiffs' documents as two independent an impartial
3  unrelated entities. The defendants documents were made by employees who were trained to cover-
4  up and mislead or defraud clients, and paid thousands to do so.

5  Under the doctrine of Tolling and according to the allegations in SAC, none of this
6  action's statute of limitations began to run until 2009. This is a material fact that defendants can
7  acknowledge or contest at trial.

8  Turning to defendants' argument that there is a lack of specificity. It sounds like the
9  defendants are asking the Court to not only direct the plaintiffs to plead evidence, versus factual
10 allegations, but to plead as if the defendants were federal officials entitled to Qualified Immunity.
11 Such a position is meritless and judicially untenable.

12 Plaintiffs have explicitly identified throughout all of their Oppositions to Defendants
13 Motions to Dismiss, the numerous paragraphs which specifies, with particularity, the involvement
14 of Defendants Stumpf, Lewis, Mozilo and Sambol conspiracy to defraud home buyers such as the
15 plaintiffs. Defendant Stumpf's connection to plaintiffs' loans is his direct involvement in the
16 conspiracy to perpetrate such loan origination as at issue herein. The SAC identifies numerous
17 allegations specifying Stumpf's misconduct. Any more specificity would entail pleading of
18 evidence. Federal pleading standards do not mandate for every element be detailed with
19 particulars, but enough to put defendants on Notice. Moreover, Plaintiffs Opposition makes clear
20 that those particulars that they do not have are directly under the control of defendants and the law
21 directs for such to be obtained through discovery.

22 Plaintiffs Opposition sets forth three (3) alternatives in which Stumpf and the other Master
23 Mind defendants can be held personally liable for the illegal conduct at Bar.

24 First, there is the Doctrine of *Conspiracy, Respondeat Superior* and finally *Agency*. The
25 plaintiffs set forth all three in order to demonstrate that no matter which way defendants attempt to
26 manipulate their way out of their misconduct, the law covers it. Furthermore, F.R.Civ.P. allows
27 them to present claims in the alternative without one excluding the other. Naturally, the principle
28 focus is defendants' conspiracy and not *respondeat superior.*

1    As far as the SAC not citing Stumpf and Wells Fargo as creditors, it is a commonly public
2 known fact that Wells Fargo is, and discovery will show to what extent Stumpf fits into the
3 definition as a creditor. In any event, plaintiffs are not required to plead every nuance of their case.
4 The SAC states that Stumpf and Wells Fargo generated money from this racketeering conspiracy,
5 whether defendants' wishes to call them fees or fraudulent income is a matter of semantics.
6 Additionally, the attached *Exhibits B, C, D and E*—respectively: *NAACP vs Wells Fargo Bank et
7 al.,* CV09-01758; *ILLINOIS vs WELLS FARGO & COMPANY et al,* 09CH26434; Article
8 *Baltimore says Wells Fargo preyed on Poor,* 2008; and, Article *ACORN Announces Class Action
9 Lawsuit Against Wells Fargo,* 2004—explicitly shows not only that Wells Fargo is a national
10 creditor, but that Stumpf has been directing Wells Fargo to target African- and Latino-Americans
11 specifically with racially discriminatory predatory loans starting at the time he met and conspired
12 with defendants Mozilo, Lewis and Sambol.

13    NOTE: There are many more Public Records showing the common *routine and practice* of
14 racial discrimination on defendants Stumpf, Wells Fargo et al parts involving predatory lending
15 and campaign of fraud and deception that plaintiffs can file with the Court if requested to do so.

16    The SAC and plaintiffs Opposition also cites Stumpf directing Wells Fargo staff to target
17 African-Americans and Minorities for the Master Mind's scheme. This falls under intentional
18 discrimination. Plaintiffs' Opposition Briefs likewise satisfies the requisites for RICO, including
19 damages suffered by them in the direct financial losses, prospective economic advantage and
20 emotional distress damages. Plaintiffs Oppositions also identifies the key allegations in SAC
21 involving defendant Stumpf et al conspiratorial acts and many of the false representations
22 advertised to plaintiffs and Americans.

23    Plaintiffs' ask the Court to review just a very small sampling of these actions by way of
24 their Plaintiffs *Exhibits* being attached to this and other final responses to defendants motions to
25 dismiss, in order to recognize that none of what plaintiffs allege in SAC is far fetch; that their
26 experiences finds ample support throughout judicial and other public records and that fraud, false
27 advertising and misrepresentation of reality is a common practice of defendants which must stop.
28

MERRITT v. COUNTRYWIDE et al

RESPONSE TO DEFENDANTS STUMPF & WF
REPLY TO PLAINTIFFS OPPOSITION;
C09 01179 JW

1  WHEREFORE, since defendants Stumpf and Wells Fargo are shown to have been personally and
2  directly involved in this action's RICO conspiracy which resulted in multiple violations of state
3  and federal laws, that their motions to dismiss should be denied and they are directed to file
4  Answer to this SAC within 20 days.

5  Dated: September 24, 2009                                    Respectfully submitted,

                                                                David Merritt
                                                                For Plaintiffs

MERRITT v. COUNTRYWIDE et al

RESPONSE TO DEFENDANTS STUMPF & WF
REPLY TO PLAINTIFFS OPPOSITION;
C09 01179 JW