David Merritt and Salma Merritt, *Pro se*
660 Pinnacles Terrace
Sunnyvale, CA 94085
dymerritt@hotmail.com
Tel: 408.469.5584

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SALMA MERRITT AND DAVID MERRITT,<br><br>     Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION; ET AL,<br><br>     Defendants. | Case No. C09 01179 JW<br><br>**RESPONSE TO DEFENDANTS LEWIS, COLYER, BofA & COUNTRYWIDE REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE**<br>Date:           October 5, 2009<br>Time:          10:00 a.m.<br>Courtroom:  8, 4th Floor<br><br>Date Action Filed:  March 18, 2009<br>Trial Date:            Not set |

Come now plaintiffs' with their Response to Defendants disingenuous Reply to Plaintiffs Oppositions to Motion to Dismiss and Motion Strike. Specifically, defendants Lewis, Colyer and BofA are mischaracterizing plaintiffs' Oppositions and Amendment in several ways. Instead of filing separate Oppositions for each individual motion, the Plaintiffs presented their collective Reply Oppositions against defendants Motions to Dismiss and to Strike. They assumed that since defendants joined each other's motions, that responding to all within one or two Oppositions would cover them all and that defendants would read them. And to be more explicit, they incorporated into each of their Oppositions the facts, arguments and laws of all the other Oppositions they filed as if they were fully set forward within each of their Oppositions and

therein. Plaintiffs have Opposed every argument set forth and if something was not addressed it was typographical err or oversight.

## I. PLAINTIFFS EXPLICITLY REFUTED DEFENDANTS OPENING BRIEFS

### a. First Cause of Action for TILA Violations Stands for Trial

The plaintiffs' Opposition Brief clearly contested both the 1st and 2nd Mortgage loans not only with the factual argument depicting evidence of fraud, but objective, independent reports by Forensic Loan Auditors who found both the *First, and Second* Loans to be fraudulent. Furthermore, plaintiffs clearly show how the Income-to-Debt ratio was illegal on loans, as well as made under fraud, making the loan contracts themselves illegal on their face and, according to the law, giving plaintiffs a right to rescind both and not only the 2nd loan.

The plaintiffs have equally contested defendants *signed* loan documents, raising objection by submitting the un-filled-out and *unsigned* loan documents that defendants left with them—defendants refused to provide the filled-in and signed documents until 2009 as Complaint reports (Plaintiffs did not know until later that they could even object to Judicial Notice, which in any event became moot once they filed documents that clearly contradicted defendants). The law required defendants to leave *filled-in* and signed documents, not *blank* ones with an empty promise to send them the filled in ones later. Additionally, they were obligated to leave a copy for each borrower, but only left one partial set. Further, plaintiffs request the Court to review attached *Exhibit A* (People of California vs Countrywide et al) which concerns references Second Amended Complaint (SAC) makes in various areas and confirms, categorically, that plaintiffs were subjected to a common *routine and practice* of defendants BofA, Countrywide, Colyer, Lewis Mozilo, Sambol et al, to which judgment was entered against them—See *Exhibit B* (California Court Judgment Case No. LC083076).

Plaintiffs have admitted that defendants Lewis and Colyer joined Mozilo-Sambol conspiracy to deliberately violate TILA and other federal and state laws in regards to plaintiffs and other borrowers. Defendants do not deny this at all.

### b. RESPA Cause of Action Stands for Trial and Are Not Time-Barred

1    Defendants inaccurately state that plaintiffs failed to address limitation's period. The SAC
2 alleges plaintiffs spoke to and wrote defendants multiple times. Part of these communications was
3 requests' for full disclosure. The plaintiffs did not title their communiqués qualified written
4 requests, but their contents meets this requisite. E.g. See *Exhibits C, D, E and F*—some of several
5 letters sent to Colyer, Sambol and Mozilo requesting them to send missing documents.

6    Having received plaintiffs' requests, the defendants ignored them until 2009. Not only did
7 this toll the statute of limitations for RESPA, but for every claim herein, including the 3 year
8 limitation periods. Moreover, this issue was addressed in Plaintiffs Opposition to Defendant's
9 Chen Motion to Dismiss pages 5-6. Apparently, the defendants Lewis et al seem to overlook this.

10   Lastly, plaintiffs cannot find this argument in defendants opening brief.

11   ### c. *Third Cause of Action for Discrimination*

12   Plaintiffs Opposition illuminates how they were discriminated against by defendants by
13 being targeted with racially driven policies meant to harm them financially. The defendants do not
14 argue this, they say that plaintiffs failed to address the HELOC discrimination issue. They can find
15 this on pages 26 and 27 of *Plaintiffs Reply In Opposition To Defendants Mozilo (Joined By Lewis,*
16 *Stumpf et al) Motion to Dismiss For Failure to State a Claim.*

17   Plaintiffs presumed that sense they referenced the discriminatory contract id. at page 22,
18 that this would be juxtaposed with the HELOC argument on 26 and 27. Their intent is to
19 demonstrate discrimination and breach of contract on defendants freezing HELOC account.

20   ### d. *Fourth & Fifth Causes of Action*

21   Apparently, the defendants have failed to recognize that *Plaintiffs Reply In Opposition To*
22 *Defendants Mozilo (Joined By Lewis, Stumpf et al) Motion to Dismiss For Failure to State a*
23 *Claim,* and *Plaintiffs Replies to Defendants Lewis, Countrywide, BofA and* Colyer *Motions To*
24 *Strike and to Dismiss* are collectively direct responses to their motions. The plaintiffs addressed
25 all the defendants' motions collectively. They can find explicit references to facts, arguments and
26 law that refutes or contest all of their defenses and demonstrate defendants conspired to commit,
27 inter alia, fraud through false advertisements claiming that they could be trusted, could provide
28 best loans etc while in fact conspiring to provide the worst possible ones in order to strip equity.

1    Plaintiffs incorporate all of the arguments made in their Replies—Document #s: 87, 92, 93
2 & 109 as if they were fully set forth herein against each of the defendants Motions and replies to
3 plaintiffs' opposition.

4    They first use a mantra-like assertion that plaintiffs have either not disputed, refuted or
5 otherwise contested substantive portions of their respective motions, when in point of fact the
6 plaintiffs not only disputed every defense presented, but added more specifics that should actually
7 be left for trial or the discovery process. Any reasonable consumer who is promised repeatedly
8 through television, phone calls and mailings, by a nationally recognized mortgage lender, that it
9 promises to sell them the best and right mortgage, and uses actors to portray average American
10 borrowers to confirm this, will in fact be just as duped and misled as the plaintiffs. In fact the
11 attached Exhibits to this and other Responses represents lawsuits covering thousands of other
12 victims who were misled and shows that forty states attorneys generals successfully sued
13 defendants Mozilo, Lewis, Stumpf, Sambol and their respective racketeering organizations.

14    **e.** *Sixth Cause of Action—Fraud*

15    The defendants are going out of their way in refusing to acknowledge that the gravamen of
16 this action *is not about* the TILA, RESPA or other incidental lending law violations, but the
17 Racketeering Conspiracy of defendants Mozilo, Sambol, Lewis, Stumpf et al along with their
18 specific alleged actions which produced the false advertisements, concealments and other
19 fraudulent instructions issued to their respective subordinates throughout the United States.

20    Apparently, the defendants under the impression that they can defraud their way out of
21 being held responsible in this action by misrepresenting to the Court the level of their culpability.
22 The plaintiffs very well understand that defendants counsel has an obligation to defend their
23 clients, but does this mean presenting fraud like pleadings before the Court?

24    For example: The SAC and Opposition Briefs clearly identifies that defendants not only
25 withheld documents from them, but refused to provide them even after they requested them until
26 2009. That the Master Mind defendants ordered their respective personally to generate false or
27 misleading advertisements which would lead plaintiffs and other borrowers to believe that
28 defendants were providing them with the very best loans possible and could trust them. That

1  Master Mind defendants had explicit meetings-of-the-minds among themselves to deliberately
2  have subordinates violate state and federal laws. And there are other allegations clearly pointed to
3  in their Opposition by references to SAC paragraphs, but the defendants in their Reply are
4  reporting to the Court that plaintiffs have done none of this. Maybe it's just their laypersons
5  perception, but Rule 11 orders for all counsel to do due diligence before filing and that their
6  pleadings should be based on actual evidence or at least information. Plaintiffs do not see any
7  integrity in defendants pleadings.

8  Respectfully, plaintiffs assert that defendants are presenting defense arguments which are
9  fictitious imaginings and false premises that are not based on investigation at all.

10  **f.** *Seventh Cause of Action—Breach of Contract*

11  The SAC allegations and Opposition Briefs have identified conspiratorial activities of
12  defendants which steered plaintiffs into a loan which is illegal on its face. Not only was fraud
13  committed in bringing them to the contract table, but at the contract table itself they were led to
14  believe things such as their payments would go towards principle as well as interest; they would
15  be refinanced within a year's time and, inter alia, it was the best possible mortgage loan available
16  on the market for them. <u>All of these actions were part of conspiracy to defraud.</u>

17  Defendants breach of the contract in regards to the HELOC is only one breach out of many
18  as pointed out in plaintiffs Opposition Briefs. Plaintiffs do not plead allegations as professional
19  lawyers, but as laypersons. Implicit in SAC allegations regarding Colyer's statement that HELOC
20  access was denied due to devaluation of property is that he was making a false statement.
21  Plaintiffs have evidence which shows that they had not lost 5% or more at the time of HELOC
22  freezing, which again, is something meant for jury to decide.

23  Plaintiffs relied on these and other misrepresentations in agreeing to the loans, and they
24  lived up to their end 100% of the time up to October 2008. Defendants violated their end from the
25  very outset of the agreement, unbeknownst to plaintiffs at the time, to this very day. Whether or
26  not defendants see their representations to plaintiffs, that plaintiffs' identified in Oppositions, as
27  being convincing of breach or contract or not, are material issues of fact that must be decided by
28  jury.

1    Plaintiffs Opposition Briefs clearly demonstrates that defendants owed them a fiduciary
2    duty. Not only defendant Colyer, but *every defendant* because this is a conspiracy action which
3    ties the acts and omissions of one, in furtherance of the conspiracy, to each other. This is not one
4    of those cases where the Master Minds simply provided the loans as an unscrupulous lender, but
5    they became plaintiffs' Broker of the loans through their agents. This is a dispute that defendants
6    are raising inappropriately on a motion to dismiss; a jury shall have to decide this question. And
7    plaintiffs need not plead every nuance of their case nor plead evidence.

8    **g.** *Eighth Cause of Action— Illegal Debt Collection Practices*

9    All of the BofA and Countrywide defendants actually used the debt that plaintiffs cleared
10   in small claims Court in this action to set plaintiffs up into believing that they did not qualify for
11   any other or better type loan. It was directly used by defendant Colyer as a means for
12   misrepresenting to them their status to secure loan. It was part of the fraudulent scheme.

13   This is in fact a debt that BofA has been trying to collect illegally, and is an issue that must
14   also be presented to the jury to determine whether their collection attempts are illegal.
15   Furthermore, since defendants had fraudulently induced plaintiffs into this action's mortgage, and
16   the contract itself was illegal and not binding, then by extension, all of the collection of payments
17   from plaintiffs was in fact an additional illegal debt collection practice.

18   **h.** *Ninth Cause of Action—Failure to Provide Disclosures*

19   The record clearly shows that the defendants presented the plaintiffs with documents which
20   were *totally* blank. As the Exhibits and request for Judicial Notice reflect, this was a common,
21   systemic practice employed on African-, Latino- and other Americans throughout the United
22   States. Additionally, defendant Chen acting as the real estate agent in this case, referred plaintiffs
23   to defendants Colyer et al and working behind the scenes, conspired with Colyer to falsify the
24   value of the home so they both could earn some hundreds of dollars more than they would have
25   otherwise earned. Multiple this by all of the borrowers these defendants ran the same scheme on,
26   and hundreds of thousands of dollars were scammed from Californians.

27   Again, this was a common practice that Mozilo and other Master Mind defendants
28   conspired to perpetrate upon Americans throughout the United States. Lastly, defendant Colyer

1  was acting as the agent of Mozilo, Sambol, Countrywide et al. So his failure to disclose key
2  documents and other information showing that he was in fact brokering a loan for Mozilo,
3  Countrywide et al and that his interest and intent was only beholden to them, and not to plaintiffs
4  does in fact fall within the definition that defendants cited in their reply to plaintiffs Opposition.

### i. *Tenth Cause of Action—Debt to Income Ratio Illegal*

Although plaintiffs may be uncertain about the exact statutes which was violated, the allegations along with the Forensic Auditor Reports reflect that the defendants induced plaintiffs to enter into an agreement where more than 75% then 105% of their income was to go towards the mortgage. This was an illegal contract that was illegal to make in the first instance and not binding. Additionally, in their collective capacity as broker of the loan, each of the defendants owed a fiduciary responsibility to plaintiffs, meaning that they were not to place plaintiffs into a loan which they could not pay back or otherwise afford.

### j. *Eleventh Cause of Action—RICO*

The SAC and Opposition Briefs speaks for themselves. Plaintiffs have demonstrated the requisites for RICO. In fact, plaintiffs directs the Court to the San Diego federal court's ruling where other Americans who were victim of Mozilo and company racketeering activities depicted claims far less specific than this action, yet the Southern District of California applied 9th Circuit mandates to determine that their claims met RICO pleading standards.

BofA took up the identical practices of Countrywide from July 1, 2008 onward. As evidenced in its February 2009 action to place plaintiffs in another predatory mortgage and repeated refusals to rectify the wrongdoing of Mozilo et al.

WHEREFORE, since the SAC sets forth the requisite allegations which support claims upon which relief can be granted, the defendants multiple motions should be denied.

Dated: August 27, 2009                                Respectfully submitted,

                                                      David Merritt
                                                      For Plaintiff