David Merritt and Salma Merritt, *Pro se*
660 Pinnacles Terrace
Sunnyvale, CA 94085
dymerritt@hotmail.com
Tel: 408.469.5584

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SALMA MERRITT AND DAVID MERRITT,<br><br>       Plaintiffs,<br><br>     v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION; ET AL,<br><br>       Defendants. | Case No. C09 01179 JW<br><br>**RESPONSE TO DEFENDANT SAMBOL'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND OPPOSITION TO MOTION FOR DEFAULT**<br>No Hearing Set<br>Courtroom:   8, 4th Floor<br><br>Date Action Filed: March 18, 2009<br>Trial Date:      Not set |

Come now the plaintiffs' with their Response to Defendant Sambol's Motion to Set Aside Entry of Default and Opposition to Entry of Default Judgment.

Specifically, the plaintiffs assert that defendant Sambol Motion/Opposition is disingenuous, extraordinarily frivolous and without merit and should be denied due to the following:

1.     Defendant Sambol was personally served a copy of the Original Complaint and Summons on April 19, 2009, over 180 days ago, which gave him 20 days to appear before this Honorable Court which he willfully refused to do;

2.     Plaintiffs repeatedly communicated with defendant Sambol and gave him repeated opportunities to appear and defend, but he intentionally refused repeatedly;

1    3.    Defendant Sambol willfully disregarded this Court's Summon's and this motion is

2    only being filed due to the unethical conduct attorney Goldberg. Showing additional gross

3    "culpable conduct" that led to default;

4    4.    Based upon plaintiffs investigation, Attorney James Goldberg violated State Bar

5    Ethic rule 1-400(C) when he solicited defendant Sambol to become his client after convincing

6    Sambol to work with them against the plaintiffs and convinced defendant BofA to pay him to do

7    so based on the logic that it was in BofA's best interest to have the defendants colluding all under

8    one defensive tent and that it would be harmful to have Sambol under the judgment of default,

9    thereby mischaracterizing this motion and its basis before the Court;

10    5.    The defendants have failed to identify any facts and law which justifies the reversal

11    of default against Sambol (good cause);

12    6.    Plaintiffs' have a right to have Default Judgment stand and would be prejudiced if

13    Default was vacated and judgment not made because it would give a greater opportunity for fraud,

14    collusion and the lost of very significant discovery.

15    7.    The Court has full factual and legal authority and basis to denied this motion and

16    enter default judgment for the sum certain or otherwise and not allow defendants to use this

17    process as a substitute for appeal.

18    In support of this Opposition, the plaintiffs submit the following Memorandum of Points

19    and Authorities.[1]

20

21    Dated: October 22, 2009                          Respectfully submitted,

22

23

24                                                     David Merritt
                                                       For Plaintiffs'
25

26    _____

27    [1] Defendants originally filed Motion to Set Aside Entry of Default… and in the 9th hour wishes to recharacterize their motion. The content of what they presented is a motion and they wish to waste more time by taking two bites at the apple. Plaintiffs request the Court, *sua sponte*, to acknowledge that their pleading is motion and not agree to their

28    delay tactics and frivolous filings for the sake of judicial economy.

## <u>MEMORAANDUM OF POINTS AND AUTHORITIES</u>

### I.   <u>INTRODUCTION</u>

F.R.Civ.P. 55, mandates that the Clerk of the Court must enter default and default judgment once a party shows that a defendant was served with Summons and Complaint and the sum is certain. For some reason the Clerk failed to carry out the judgment part, but did enter default legitimately. Plaintiffs are able to demonstrate that defendant Sambol was not only ignoring this Court's Summons to appear, but held some degree of disdain towards the Court and flouted the 20 day appearance deadline. The pleadings with certificates of service to Sambol show that he received multiple opportunities to appear or defend.

Additionally, under Rule 55, since this action has a sum certain, the Clerk was legally authorized and duty-bound to enter default against defendant Sambol. So technically, since plaintiffs met all requisites for judgment they believe that they have *de facto* judgment which awaits this Court's follow-through.

Nonetheless, the defendants are asserting something that is utterly foreign to jurisprudence. Namely, by arguing that although defendant Sambol was personally served with this action's Summons which ordered him to appear within 20 days, that since plaintiffs filed an Amendment some two months later, that this somehow nullified their right to default and abrogates Summons mandate to appear within 20 days. They rely on *Eital v. McCool,* 782 F.2d 1470 (1986).

### II.   <u>STATEMENT OF FACTS</u>

On April 18, 2009, plaintiffs served this Action's  Summons and Complaint personally on defendant Sambol's (Doc#79). After twenty (20) days had passed without his answering or filing responsive pleading, plaintiffs contemplated filing for default but decided to give him every possible opportunity to appear by sending courtesy copies of pleadings.

The plaintiffs sent defendant Sambol several pleadings, including the Second Amended Complaint and Motion for Default Judgment, per Rules on serving all subsequent pleadings by mail—even though plaintiffs had no obligation after 20 days to do so. These not only notified him about the case, each pleading was an additional opportunity to have his lawyer or himself contact

MERRITT v. COUNTRYWIDE et al

1  the Court or them, or to represent himself. He rejected such opportunities and refused to appear or

2  otherwise defend.

3       The plaintiffs waited until August 31, 2009 to file their request for Entry of Default along

4  with Request for Default Judgment for Sum Certain (Doc.#s: 98 & 102) with corresponding

5  affidavits. Default was entered on Septerber 2, 2009, some 6 months after defendant Sambol's

6  intentional refusal to appear. (Doc.#: 105).

7       Plaintiffs were contacted by James Goldberg in the first week of October 2009, about the

8  possibility of his reaching an agreement with defendant Sambol and upon investigation they

9  learned that Goldberg violated State of California Rules of Professional Conduct by soliciting

10 defendant Sambol to become his client without Sambol's contacting him. This, even though he

11 represented defendants BofA, Lewis and Colyer, already conflict of interests', Goldberg sought to

12 disregard the Bar's ethic rules regarding solicitation and conflict of interest and contacted then

13 convinced Sambol to let him become his attorney of record in order to earn more money. See

14 *Exhibit A* (Affidavit by David Merritt).

15            **III.    PROCEDURAL STATEMENT**

16      On March 18, 2009 this action commenced and on April 18, 2009, defendant Sambol was

17 personally served with the Summons and Complaint (Doc.#79). Defendant Sambol was obligated

18 under the law, to appear or otherwise file Answer or responsive pleading by May 8, 2009 (within

19 20 days from Service). Defendant Sambol refused to appear or otherwise defend this action and

20 defaulted on May 19, 2009. There was no other Summons required to be served.

21      Plaintiffs requested and obtained default on September 2, 2009.

22            **IV.    STANDARD OF REVIEW**

23      A showing of Good Cause is the standard of review that applies for vacating Entry of

24 Default, where defaulting party must demonstrate that: (1) Plaintiffs would not be prejudiced by

25 granting it; (2) the defendant has meritorious defense; and (3) defendant's conduct did not lead to

26 default. *Pena v. Seguros La Comercial,* 770 F.2d 811, 814 (9th Cir.1985).

27      "Well-pleaded allegations are taken as *admitted*" when defendant has defaulted. *Benny v.*

28 *Pipes,* 799 F.2d 489, 495 (9th Cir.1986). Citing *Thomson v. Wooster,* 114 US 104, 114 (1884) and

MERRITT v. COUNTRYWIDE et al

1  *Visioneering Construction,* 661 F.2d 119, 124 (9th Cir.1981). Emphasis Plaintiffs'. The Court

2  should not grant relief from default when a defendant's culpable conduct is responsible for the

3  default. *Benny v. Pipes,* 799 F.2d 489, 494 (9th Cir.1986).

4  **V.    DEFENDANT SAMBOL HAD 20 DAYS TO APPEAR, NOT SEVEN MONTHS**

5       The defendants are not merely stretching the law here.  They are actually attempting to

6  create wholly new law. Specifically, they state that: since plaintiffs sent the Second Amended

7  Complaint to Sambol by mail that doing so was improper service which renders default improper.

8  They rest on the area of law which holds that the allegations of amendments supersedes the

9  allegations of original complaint. They cite a 5th Circuit case which is not legally significant for

10  the issue of default. They do not argue that he defaulted on the original complaint.

11       It is undisputed that defendant Sambol personally received this action's Summons and

12  Complaint. The 9th Circuit holds that "actual receipt of process by the correct person may be a

13  factor in finding process valid when there are other factors that make process fair." *Direct Mail*

14  *Spec. v. Eclat Computerized Tech.,* 840 F.2d 685, 688 (9th Cir.1988). And F.R.Civ.P. Rule 12(a)

15  "gives a defendant *twenty days* from the date of service of process to answer. If the defendant fails

16  to *respond within that time*, a default judgment may be entered." (Emphases Plaintiffs') *id.* citing

17  *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986).

18       In *Direct Mail Spec.,* the Ninth Circuit mandated that a defendant who failed to respond

19  within 20 days after receiving Summons, gave up their right to defend the civil charges and the

20  entry of Default could not be disturbed, particularly since the "defendant's actions did not

21  demonstrate 'a clear purpose to defend the suit." *Id.* at 689.

22       Since defendant Sambol was personally served with the Summons and Complaint, this

23  Court secured *in personum* jurisdiction over him, and he had 20 days, not 7 months to make his

24  appearance—making service explicitly proper and his defense on this point frivolous and without

25  merit.

26       Additionally, defendant Sambol is not appearing still. If not for the unethical conduct of

27  Counsel Goldberg, no motion or opposition to default would have been filed at this time.

28       **VI.    DEFENDANT SAMBOL IS FULLY CULPABLE FOR DEFAULT**

MERRITT v. COUNTRYWIDE et al

1    In this Circuit, to justify the setting aside the Entry of Default and prevent default

2  judgment, defendant Sambol has the burden of demonstrating that good cause exist as to why he

3  defaulted. This can only be done by showing that there: 1) will not be prejudice to plaintiffs by

4  setting default aside for plaintiffs; 2) he presents a meritorious defense; *and* 3) he committed no

5  culpable conduct which led to default. *Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811, 815 (9th

6  Cir.1985). Conversely if plaintiffs demonstrates either one of these factors exist, then the default

7  must not be vacated, as a matter of law, particularly if defendant Sambol "conduct provoked the

8  default, we need not consider the first two elements." *Benny v. Pipes,* 799 F.2d 489, 494 (9th

9  Cir.1986).

10    In *Pena,* the 9th Circuit mandated that when a defendant is properly served summons and

11  Complaint, and the plaintiff makes attempts to encourage defendant to answer and the defendant

12  does not comply, then default should be entered and sustained based on the third prong of this test.

13    The *Pena* case is on point with the case at Bar. Defendant Sambol was given 6 months to

14  appear and received multiple pleadings expressing his misconduct. To receive so many

15  communications and not be laying up terminally ill in the hospital shows that it was a calculated

16  action of his to not appear. His Motion's statement that he did not feel obligated to appear tells his

17  state of mind of willful disregard for U.S. Federal Court authority and the Rule of Law. When a

18  defendant is culpable of his own default the 9th Circuit consistently denies relief from default. *See*

19  *Direct Mail Spec. v. Eclat Computerized Tech.,* 840 F.2d 685, 690 (9th Cir.685).

20    In *Direct Mail Spec.,* the 9th Circuit mandated that even if a defendant is in negotiations

21  with plaintiffs that do not come through and defendant fails to appear, default must be granted.

22  Although there was no back and forth negotiations going on here, plaintiffs communicated

23  repeatedly to defendant Sambol by sending him courtesy copies of the pleadings. Each time, they

24  would have readily accepted him into the defendant fold; however, now it is clear that he is

25  incorrigible and is only going along with Counsel Goldberg's wish to have him in the same tent as

26  his other clients so they can collude among each other and commit additional fraud.

27    The matter at Bar is particularly egregious because defendant Sambol believes that he is in

28  fact above the law and this Court's authority. In his Motion to Vacate Entry of Default… he states

MERRITT v. COUNTRYWIDE et al

RESPONSE TO DEFENDANT SAMBOL'S MOTION TO SET
ASIDE ENTRY OF DEFAULT;
C09 01179 JW

1  that "he had no obligation to respond to it, or to the prior Complaint." Unequivocally, defendant

2  Sambol is flouting the Court.

3      Furthermore, defendant Sambol has utterly failed to present any Good Cause for

4  defaulting. He explicitly admits that he was personally served the Summons and Complaint, knew

5  of it, but did not believe that he had to appear, and simply refused to appear or otherwise answer it.

6      Clearly, he is grossly at fault in this default.

7      Likewise, defendant Sambol has presented a meritless defense. He is telling the Court that

8  since plaintiffs filed an Amended Complaint some two (2) months later, well beyond the 20 day

9  time limit for answering, that this somehow nullifies his obligation to appear or answer. There is

10  no basis in the law for such an assertion, and underscores the frivolousness of the Motion to Set

11  Default Aside. *Taylor v. Sentry Life Insurance Co.,* 729 F.2d 652, 656 (9th Cir.1984)(per

12  curiam)(frivolous is when result is obvious or arguments wholly without merit).

13      Furthermore, defendant Sambol profoundly failed to present a defense of merit or even

14  answer the complaint. Under the law, since he is in default, he does not have a right to raise a

15  defense at this time; however, he still did nothing more than to incorporate by reference the

16  motions to dismiss which in themselves have meritless defenses since they have no real basis in

17  fact nor law. Simply saying that he would have argued the same points that others have is totally

18  inadequate. He had 7 months to prepare a defense, now he wish to take advantage of all the

19  hitherto pleadings and come with something that will waste plaintiffs and this Court's time.

20      The plaintiffs would be prejudiced significantly if the Court were to vacate the Entry of

21  Default and not finalize judgment for several reasons: First, it would reward defendant Sambol's

22  contemptuous attitude towards the Court. Second, plaintiffs would have lost their right to have the

23  Federal Rules of Civil Procedure equitably applied towards them. i.e. They followed the rules,

24  along with the other defendants, and defendant Sambol refused to follow the rules and because he

25  has greater financial resources than them, he gets to buy his way into a position he defaulted on.

26  Third, the vacating of default will actually increase the likelihood of additional **fraud and**

27  **collusion** by the defendants.

28      The proof of potential fraud and collusion is at Bar itself.

MERRITT v. COUNTRYWIDE et al

**7**

RESPONSE TO DEFENDANT SAMBOL'S MOTION TO SET
ASIDE ENTRY OF DEFAULT;
C09 01179 JW

1    This action demonstrates that the defendants are no strangers to committing fraud
2  collectively. Moreover, the entry of default gives the plaintiffs significant discovery in the form of
3  admissions of the allegations in regard to Sambol. Not only can this be possibly used in the
4  prosecution of this case henceforth or at trial, but clearly it affords plaintiffs an opportunity to
5  work out some deal with defendant Sambol which can go to prove the gravamen of this case, and
6  make other defendants work out a just settlement or make convicting them substantially more
7  effective.

8    Finally, defendant Sambol's intentional refusal to appear was calculated and it did not
9  produce the results that he gambled for. It was in fact a strategy on his part and this attempt to now
10 oppose judgment and vacate default is nothing more than an appeal for his strategic
11 miscalculation. This is not a viable legal method in this Circuit, in that a "motion to vacate does
12 not become a substitute for appeal." *Pena,* supra, at 815. So the Court should let him take it up
13 with the 9th Circuit which will definite hold that the Court exercised sound discretion in letting the
14 default stand.

15   The Court should not punish the plaintiffs and prejudice them so. They do not have the
16 resources that defendants have. The law says that defendant Sambol has defaulted and simply
17 because he has amassed wealth through Countrywide and is able to command the attention of
18 powerful lawyers should not undermine the law or their rights. The Ninth Circuit would clearly
19 determine that this default is legitimate and should not be vacated.

20

21 THEREFORE, the plaintiffs prays that this Court shall implement Rule 55 as mandated, enter
22 judgment in the sum certain amount or order matter over to jury to determine what amount would
23 be proper, but allow plaintiffs and defendant Sambol to enter into settlement negotiations if he is
24 open to such.

25 Dated: October 22, 2009                    Respectfully submitted,

26

27

28                                           David Merritt, For Plaintiffs'

MERRITT v. COUNTRYWIDE et al

RESPONSE TO DEFENDANT SAMBOL'S MOTION TO SET
ASIDE ENTRY OF DEFAULT;
C09 01179 JW