UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID MERRITT, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>COUNTRYWIDE FINANCIAL<br>CORPORATION, et al.,<br><br>       Defendants. | Case No.  09-cv-01179-BLF<br><br>**ORDER ON REMAND**<br>[Re: ECF 141, 142] |

On August 11, 2014, this action was remanded from the United States Court of Appeals for the Ninth Circuit and assigned to the undersigned.  In accordance with the rulings by the Ninth Circuit,[1] this Court is providing to the parties specific notice of the pleading requirements for each of the claims remaining in this case so as to afford Plaintiffs an opportunity to amend the complaint after receiving guidance from the Court.  The Court will set a deadline for filing this amended pleading at the Case Management Conference presently scheduled for **October 16, 2014 at 1:30 p.m**.  To the extent the parties dispute the Court's interpretation of the remaining claims in this action, they should be prepared to address those issues at the Case Management Conference.

The Court interprets the Ninth Circuit's Memorandum Opinion as directing this Court to allow amendment of all claims not expressly dismissed by affirmance of the District Court's October 2009 "Order Granting Defendants' Motions to Dismiss With Prejudice."  Order, ECF 125.  The Ninth Circuit affirmed dismissal of Plaintiffs' Truth in Lending Act ("TILA") claim

---

[1] Written Opinion, ECF 142 (hereinafter "Written Op."), available at *Merritt v. Countrywide Fin. Corp.*, --- F.3d ---, No. 09-17678, 2014 WL 3451299 (9th Cir. July 16, 2014); Memorandum Opinion, ECF 141 (hereinafter "Mem. Op."), available at *Merritt v. Countrywide Fin. Corp.*, --- Fed. App'x. ---, No. 09-17678, 2014 WL 3462097 (9th Cir. July 16, 2014) (mem.).  Citations will be to the documents filed in the docket of this case.

United States District Court
Northern District of California

based on alleged nondisclosures in March 2006 and Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claim under Section 9.  Mem. Op. ¶¶ 1, 4, ECF 141.  Moreover, Plaintiffs, on their own motion, dismissed their claim under 28 U.S.C. § 1985, *see* Order at 6, n.10, and dismissed defendants Wells Fargo Bank and James Stumpf, *see* Order of USCA, ECF 138.

As allowed by the Court of Appeals, this Court will not provide a paragraph by paragraph analysis, but rather will set forth the necessary elements of each of the claims remaining in this case.  In regard to each and every claim, Plaintiffs are advised that the amended complaint should contain only a "short and plain statement of the claim showing that [they] are entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiffs must clearly state how *each* defendant allegedly violated Plaintiffs' legal rights.  "Prolix, confusing complaints" requiring the Court or the Defendants to expend considerable effort to determine the timeline of events or figure out "who is being sued for what" do not "perform the essential functions of a complaint."  *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Moreover, the complaint must include factual allegations, not mere conclusion, and be based on personal knowledge or at least on "information and belief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); 5 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1224 (3d ed. 2013) (noting that "permitting allegations on information and belief is a practical necessity").  Although first-hand knowledge is not required at the pleading stage, Plaintiffs, in making the allegations, must in good faith believe them to be true.  *Pirraglia v. Novell, Inc.*, 339 F.3d 1182, 1189 (10th Cir. 2003).  Plaintiffs should accordingly refrain from making "hypothetical" allegations unsupported by either personal knowledge or a good faith belief in their truth.  Fed. R. Civ. P. 11(b).  The Ninth Circuit, in issuing its Memorandum Opinion, emphasized that the parties should be reminded that "Rule 11 sanctions may be available, if, at the summary judgment stage, it turns out that any of the plaintiffs' surviving 'hypothetical' allegations are baseless."  Mem. Op. at 5 (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986)).

Plaintiffs are hereby given leave to amend the following claims from their Second Amended Complaint:

    1.    First Cause of Action (COA): **Truth in Lending Act** ("TILA").  Plaintiffs are

United States District Court
Northern District of California

given leave to amend a portion of their TILA claim.  Plaintiffs may amend their claim for

rescission of their Home Equity Line of Credit pursuant to 15 U.S.C. § 1635(a) without pleading

that they tendered, or that they have the ability to tender, the value of their loan.  Written Op. at 9-

17, ECF 142.  Plaintiffs are advised that the Ninth Circuit left to the discretion of this Court, on a

case by case basis at summary judgment or beyond, the determination whether the statutory

sequence may be altered under equitable considerations to require tender before rescission.  *Id.* at

17.  Plaintiffs may not re-allege their TILA claims for damages arising prior to 2009; they may

allege their damages claim under TILA for separate violations occurring in February 2009.

        2.      Second COA: **Real Estate Settlement Procedures Act** ("RESPA").  Plaintiffs

alleged claims under three sections of RESPA, including Sections 6, 8, and 9.  The Ninth Circuit

affirmed dismissal of the Section 9 claim and it may not be re-alleged.  The remaining claims are

as follows:

        a.      Plaintiffs may amend their **RESPA Section 6** claim for failure to respond to

timely inquiries regarding the servicing of Plaintiffs' loans.  *See* 12 U.S.C. § 2605(e).  Plaintiffs

are encouraged, though not required, to attach the letters they sent to Defendants so that the Court

may determine whether they were "qualified written requests" triggering a duty to respond.

*Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012) ("under § 2605(e), a

borrower's inquiry requires a response as long as it (1) reasonably identifies the borrower's name

and account, (2) either states the borrower's 'reasons for belief . . . that the account is in error' or

'provides sufficient detail to the servicer regarding other information sought by the borrower,' and

(3) seeks 'information relating to the servicing of [the] loan," wherein "servicing" "does not

include the transactions and circumstances surrounding a loan's origination").

        b.      Plaintiffs may amend their **RESPA Section 8** claims.  The Ninth Circuit

held that these RESPA claims are subject to equitable tolling of the statute of limitations.  Written

Op. at 22-32.  In order to successfully plead a timely claim under RESPA, Plaintiffs must allege

facts showing the date on which they discovered or had a reasonable opportunity to discover the

alleged RESPA Section 8 violations.

        Additionally, if Plaintiffs intend to pursue their claim for violation of RESPA Section 8(a),

they must allege facts indicating that Defendants referred business incident to or a part of a real estate settlement service in exchange for a kickback, fee, or thing of value, and that Defendants charged Plaintiffs for the settlement services involved in the violation.  12 U.S.C. § 2607(a); *see* Written Op. at 21-22.  If Plaintiffs intend to pursue a claim for violation of RESPA Section 8(b), they must allege facts indicating that Defendants charged them for real estate settlement services that were not actually performed.  12 U.S.C. § 2607(b); *see Martinez v. Wells Fargo Home Mortgage, Inc.*, 598 F.3d 549, 553-54 (9th Cir. 2010).

The Court notes that the Ninth Circuit addressed but declined to decide two issues of first impression under RESPA Section 8, namely whether Section 8(b) prohibits markups on third party-provided services for which the consumer is charged, Written Op. at 19-20, and whether, under Section 8(a), an inflated appraisal is a "thing of value" such that Defendants violated Section 8(a) by allegedly referring appraisal business to appraiser Benson in return for an inflated appraisal, *id.* at 21.

3.      Third COA: **Race Discrimination under 42 U.S.C. § 1981.**  Plaintiffs may amend this claim to allege facts showing that (1) they are members of a protected class; (2) that Defendants deprived them of the right to make or enforce contracts; and (3) that Defendants purposefully intended to deny Plaintiffs that right because of their membership in the protected class.  *See Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006); *see also Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476-80 (2006).  Where intent is difficult to prove, Plaintiffs may allege facts showing that similarly-situated members of a different protected class (or of a non-protected class) were offered the contractual services that were denied to Plaintiffs.  *See Lindsey*, 447 F.3d at 1145; *see also Ennix v. Stanten*, 556 F. Supp. 2d 1073, 1085 (N.D. Cal. 2008).  Plaintiffs are reminded that the Ninth Circuit disapproved of the use of "hypothetical" allegations.  Plaintiffs must clearly allege which facts are supported by reasonable information and belief and which facts are hypothetical.  "Hypothetical" facts will not be accepted as true for purposes of evaluating the sufficiency of the pleading.  *See* Mem. Op. at 4-5.  As currently pled, the SAC does not support a claim for relief under § 1981.

4.      Fourth COA: **False Advertising under California Business & Professions Code**

4

United States District Court
Northern District of California

**§ 17500 and 15 U.S.C. § 1125**.[2]  Plaintiffs may amend to allege which portion of Section 1125 their claim arises under and facts showing the essential elements of (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement.  *Mohebbi v. Khazen*, --- F. Supp. 2d ---, No. 13-CV-03044-BLF, 2014 WL 2861146, at *17 (N.D. Cal. June 23, 2014) (quoting *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)).  The Court previously rejected certain of Plaintiffs' allegations as non-actionable puffery.  Order at 7-9.  Plaintiffs' amended claim must accordingly allege actionable statements of *fact*, and not mere puffery.

Plaintiffs' state law false advertising claim must allege that Defendants disseminated untrue or misleading statements that they knew, or reasonably should have known, were untrue or misleading and that a reasonable consumer would likely have been deceived by such advertisements.  Cal. Bus. & Prof. Code § 17500; *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002).  Plaintiffs must additionally plead that they "[] suffered injury in fact and [] lost money or property" in order to establish standing under Section 17500.  Cal. Bus. & Prof. Code § 17204; *see Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 327 n.9 (2011) (characterizing Section 17500 as "simply codify[ing] prohibitions against certain specific types of misrepresentations" prohibited by the fraudulent prong of the UCL).

Insofar as these claims sound in fraud, Plaintiffs will be required to meet the heightened

---

[2] In its previous order, the Court dismissed the federal claims and declined to extend supplemental jurisdiction over the remaining state law claims.  Thus, the Court has not considered whether any of those state law claims has been properly pled.  Prior to this Court evaluating those claims, Plaintiffs will be granted leave to amend any of those claims if they choose.  Pursuant to the Ninth Circuit's Memorandum Opinion, the Court provides Plaintiffs with notice of the basic pleading requirements of each claim.

The Court is furthermore aware that certain of Plaintiffs' state law claims are presently pending before the Superior Court of the County of Santa Clara in Case No. 109-cv-159993.  While Plaintiffs will be permitted leave to amend the state law claims from their Second Amended Complaint, this Court presently takes no position on the propriety of maintaining those claims in federal court.

pleading standard set forth in Federal Rule of Civil Procedure 9(b).  Plaintiffs must plead "with particularity the circumstances constituting fraud," but "malice, intent, knowledge, and other conditions of a person's mind" may be alleged generally.  Fed. R. Civ. P. 9(b).

     5.    Fifth COA: **Unfair Competition Law ("UCL") under California Business & Professions Code § 17200** *et seq*.  As with the state law false advertising claim above, in order to successfully plead a claim under the UCL, Plaintiffs must allege facts showing that they lost money or property as a result of Defendants' alleged unlawful, unfair, or fraudulent acts.  *Kwikset*, 51 Cal. 4th at 322-27.  Plaintiffs must allege which Defendants engaged in what type of prohibited conduct, that they were personally subjected to the conduct complained of, and that the unfair, fraudulent, or unlawful conduct caused their economic injury.  *Kwikset*, 51 Cal. 4th at 321.  Any claims sounding in fraud will be held to the strict pleading requirements of Rule 9(b).  Plaintiffs are advised that the only remedies allowed under the UCL are restitution and injunctive relief.  No damages or penalties may be awarded.

     6.    Sixth COA: **False Advertising/Marketing and Deceit and Fraud under 15 U.S.C. § 1125; California Civil Code §§ 1572, 1709.**  Plaintiffs shall have leave to amend this claim to the extent it is not duplicative of their Section 1125 clam for false advertising discussed above (Fourth COA).  To the extent Plaintiffs' claim can be construed as one for fraud, they must plead the elements of (1) representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and (5) reliance and resulting damage (causation).  *See Warren v. Merrill*, 143 Cal. App. 4th 96, 110 (2006).  As discussed above, allegations of fraud must satisfy the heightened pleading requirements of Rule 9(b).

     7.    Seven COA: **Breach of Contract, Breach of Fiduciary Duty under California Civil Code § 3300**.  In order to plead this claim, Plaintiffs must allege (1) the existence of the contract (whether written or oral); (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages.  *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).  Plaintiffs must allege the essential terms of that contract or attach a copy of the contract to the complaint and identify the precise terms or provisions of the contract that were breached.

United States District Court
Northern District of California

6

United States District Court
Northern District of California

In regard to the breach of fiduciary duty claim, Plaintiffs must allege the source of the fiduciary duty for each defendant.  It is not sufficient to make claims against all of these defendants as a unitary body.  *McHenry*, 84 F.3d at 1179-80.  The elements that Plaintiffs must allege are: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach.  5 Bernard E. Witkin, California Procedure § 783A, at 74 (5th ed. 2014) (citing *People v. Rizzo*, 214 Cal. App. 4th 921, 950 (2013)).

8.     Eighth COA: **"Debt Collection."**  To the extent Plaintiffs assert a claim under the Fair Debt Collection Practices Act ("FDCPA"), Plaintiffs must allege facts to establish (1) that they are consumers; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated one of the provisions of the FDCPA.  *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011).  The Court notes in the SAC that although Plaintiffs have labeled the claim "Against All Defendants," the allegations set forth in ¶¶ 366-372 pertain only to Bank of America and its actions in regard to collection of its own debt.  As previously determined by the Court, these allegations would not satisfy the requirements of the FDCPA.  *See* Order at 9-10; *see also Sepehry-Fard v. MB Fin. Servs.*, No. C 13-02784 JSW, 2014 WL 122436, at *3 (N.D. Cal. Jan. 13, 2014) ("Creditors that are collecting debts owed to them, and do so using their true business name, are exempt from FDCPA's definition of debt collectors.").  Plaintiffs shall amend this claim to either allege facts specifically pertaining to each defendant charged under this claim or to limit the claim to Bank of America and plead facts to show that Bank of America was a "debt collector" as defined by the FDCPA.  To the extent Plaintiffs seek to maintain a claim under California's Rosenthal Fair Debt Collection Practices Act, Plaintiffs shall allege facts consistent with the requirements of that Act.

9.     Ninth COA: "**Failure to Provide Disclosures" under California Business & Professions Code §§ 10240-10248.3; 12 CFR § 226.23(a)(3); 6500 FDIC § 226.19; 15 U.S.C. § 1601.**  The Court previously found that Plaintiffs had signed necessary disclosures when they obtained their loan.  Order at 11.  Plaintiffs must thus allege what additional disclosures—beyond the ones Plaintiffs signed—Defendants were required to make but did not make.  Although these

United States District Court
Northern District of California

statutes and regulations do not appear to provide for private causes of action, Plaintiffs may plead these alleged violations as unlawful practices in violation of the UCL.  *See* "Fifth COA," *supra*; *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1052 n.2 (E.D. Cal. 2009) (citing *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994)).

10.     Tenth COA: **"Debt-to-Income Ratio" in violation of California Civil Code § 1920(a)**.  Plaintiffs must allege which defendants violated this statute and how they failed to consider Plaintiffs' ability to afford the loan.  As with the Ninth COA, there is no private cause of action under this statute, but the violation may be alleged as a UCL claim.  *Nelmida v. Flagstar Bank, FSB*, No. C-11-01580 RMW, 2012 WL 10150, at *5 (N.D. Cal. Jan. 2, 2012).

11.     Eleventh COA: **Civil RICO**.  The elements of a civil RICO claim are as follows: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'"  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir.1996)); 18 U.S.C. §§ 1964(c), 1962(c).  As the Court previously held, the strict pleading requirements of Rule 9(b) apply to civil RICO fraud claims.  Order at 11.  Plaintiffs must therefore "state the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentation."  *Rupert v. Bond*, No. 12-CV-05292-BLF, 2014 WL 4775375, at *11 (N.D. Cal. Sept. 22, 2014) (quoting *Schreiber Distrib. v. ServWell Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir.1986)).  Furthermore, the alleged enterprise must be separate and distinct from the "persons" that Plaintiffs seek to hold liable for the conduct of the enterprise.  *George v. Urban Settlement Servs.*, No. 13-CV-01819-PAB-KLM, 2014 WL 4854576 (D. Colo. Sept. 30, 2014).  Plaintiffs are reminded that allegations of fact must be based on knowledge or information and belief.  "Hypothetical" allegations will not be taken as true.

12.     No other claims may be asserted in the amended pleading without leave of court.

**IT IS SO ORDERED.**

Dated: October 7, 2014

_____
BETH LABSON FREEMAN
United States District Judge

8