BRYAN CAVE LLP
James Goldberg, California Bar No. 107990
Thomas Lee, California Bar No. 275706
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: james.goldberg@bryancave.com
tom.lee@bryancave.com

Attorneys for Defendants
COUNTRYWIDE FINANCIAL CORPORATION,
COUNTRYWIDE HOME LOANS, INC.,
DAVID SAMBOL, MICHAEL COLYER,
BANK OF AMERICA, and KEN LEWIS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SALMA MERRITT AND DAVID MERRITT,

Plaintiffs,

v.

COUNTRYWIDE FINANCIAL CORP.; COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA; BEAR OF STERNS; JP MORGAN; MERSCORP; FINANCIAL TITLE CO.; CALWEST APPRAISAL; ANGELO MOZILO; DAVID SAMBOL; STANFORD KURLAND; MICHAEL COLYER; KENNETH LEWIS; JOHN BENSON; JOHNNY CHEN; BRYAN CAVE; JAMES GOLDBERG,

Defendants.

Case No. C09 01179 BF

**DEFENDANTS' RESPONSE TO PLAINTIFFS' "NOTICE OF COMPLIANCE WITH NINTH CIRCUIT ORDER TO AMEND COMPLAINT"**

Date: 2/19/15
Time: 9:00 a.m.
Dept.: Ctrm 3, 5th Floor – San Jose

Date Action Filed: March 18, 2009
Trial Date: Not Assigned

Bryan Cave LLP
560 Mission Street, 25th floor
San Francisco, CA 94105-2994

Bryan Cave LLP
560 Mission Street, 25th floor
San Francisco, CA 94105-2994

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

After filing a Third Amended Complaint ("TAC") on January 2, 2015, on January 4, 2015, Plaintiffs filed an odd document entitled, "Notice of Compliance with Ninth Circuit Order to Amend Complaint and Request for Order Directing U.S. Marshals Service to Serve Added Defendants' [sic]." ECF 170 ("Notice"). The Court is now treating this Notice as a "Motion to Amend/Correct Amended Complaint," referencing the TAC. ECF 171. Defendants Countrywide Home Loans, Inc., Countrywide Financial Corporation, Bank of America, Michel Colyer, David Sambol and Kenneth Lewis ("Defendants") oppose the Notice, whatever it may be construed to be.

The Notice is anomalous and largely unintelligible. It does not state it is a motion. It does not clearly state what relief it seeks, because it does not include a separate "Notice of Motion" or a proposed order. It is not clear whether the Notice is simply an argument against the motion to dismiss that Plaintiffs anticipate Defendants will file, or whether it is asking that Plaintiffs be given leave to file a fourth amended complaint. It does not attach for the Court's and counsel's elucidation any proposed amended complaint.

As far as Defendants can discern, the Notice (a) seeks to justify the filing of the TAC, which flouts the Ninth Circuit and this Court's express instructions to Plaintiffs to amend their complaint to make a short and plain statement of their claims; and (b) seeks permission to amend a fourth time to expand their case even more, in further contravention of the Ninth Circuit and this Court's admonitions. On the one hand, the Notice references some of what Plaintiffs have already added in their Third Amended Complaint: "add four other companies and three additional individuals," "replaced Doe Defendants with actual names, including Bryan CAVE [sic] and James Goldberg," and "clarified unlawful activities which has [sic] occurred since original filing of action." Notice at 1:26-27, 2:8, and 2:9-10. On the other hand, Plaintiffs imply there may yet be more allegations to come: "There are a potential of more than 30 known individual defendants and over 15 companies." Notice at 1:24-25. Additionally, in footnote 20 of the Third Amended Complaint, Plaintiffs state: "As much as the Plaintiff appreciated the Court's extension of time …

the time has been insufficient to finalize the claims section and they may seek leave to amend it at some future time. They shall be filing motion [sic] to add additional defendants and replace claims under separate cover."

In either case, the TAC is improper, and any further amendment would also be improper. Plaintiffs had five months from the Ninth Circuit's issuance of its Opinion and Order on July 16, 2014, to comply with the requirements of FRCP Rule 8.

## II. PROCEDURAL BACKGROUND

This Court dismissed this case in 2009, and Plaintiffs appealed. The Ninth Circuit issued its Opinion and Order on July 16, 2014

Judge Kleinfeld's dissent in the Ninth Circuit's opinion correctly lays out the tortuous procedural background to this case prior to appeal:

> The Merritt complaint is neither "short" nor "plain." It is 68 pages long, 398 paragraphs. Nor were they deprived of opportunities to clarify what their claims were. Though they call the complaint their "Second Amended Complaint," the truth is that it is their fifth version. They got leave to file this version of their complaint by filing a motion explaining that the amendments would be "clarifications," along with a "stipulation" to which Countrywide did not stipulate. The leave to amend they thus obtained mooted out Countrywide's pending motion to dismiss, so it was not adjudicated. The plaintiffs then filed their amended complaint which was materially different from the one submitted to the district court with their motion for leave to amend. Far from "clarifying" their previous complaints, this new complaint added an additional 69 paragraphs, 16 pages, and yet another cause of action.
>
> * * *
>
> The defendants have responded to two of the Merritts' five prolix, incomprehensible complaints, doubtless at great expense for their own lawyers. Defendants have filed numerous motions addressing those complaints, for violation of Rule 8, misrepresentations, failure to state claims upon which relief may be granted, and lack of appropriate service. That is a lot of wasted money. Plaintiffs imposed this unfair prejudice on defendants by their vague prolixity and multiple filings.
>
> The Merritts' most recent amendments made their complaint even more prolix, and less "short and plain."

The majority noted in its Memorandum that the Second Amended Complaint ("SAC") violated Rule 8 and provided the following instructions:

Bryan Cave LLP
560 Mission Street, 25th floor
San Francisco, CA 94105-2994

> Therefore, we remand the case with instructions for the district court to provide the plaintiffs "specific notice of the complaint's deficiencies and an opportunity to amend." *Lucas*, 66 F. 3d at 249. In its notice, the district court need not provide a paragraph-by-paragraph analysis, but rather should emphasize that the amended complaint should contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), which includes facts based on at least information and belief. *Perington Wholesale, Inc. v. Burger King Corp*., 631 F. 2d 1369, 1372 (10th Cir. 1979) ("Pleading on 'information and belief' in appropriate circumstances fits well with the spirit of the rules."). The complaint may include allegations that are "not based on the firsthand knowledge of the person making the allegation ... but that person nevertheless, in good faith, believes the allegation to be true." *Pirraglia v. Novell, Inc*., 339 F. 3d 1182, 1189 (10th Cir. 2003) (internal citation and quotation marks omitted). It should be emphasized that Rule 11 sanctions may be available, if, at the summary judgment stage, it turns out that any of the plaintiffs' surviving "hypothetical" allegations are baseless.

Upon remand, this Court reiterated to Plaintiffs those same admonitions and even issued an order explicitly stating these obligations in writing, on October 7, 2014. ECF 150. At the CMC on October 16, 2014, the Court ordered Plaintiffs to file their amended complaint on December 1, 2014, after pointing out to the Plaintiffs that by then they would have had over four months to comply with these admonitions. Plaintiffs then filed a motion for an extension of that deadline, which the Court granted, to January 2, 2015.

In direct violation of those crystal clear instructions regarding a short and plain statement, on January 2, 2015, Plaintiffs filed an amended pleading that added to the already prolix pleading "about another 100 pages." Notice at 1:24. In fact, they doubled the length of the pleading to 126 pages and 438 paragraphs.

Plaintiffs included in (indeed, added to) the TAC paragraph upon paragraph of imaginary events designed to mask their inability to plead any facts to actually support a valid claim. Indeed, to avoid detection, they defiantly removed the word "hypothetical" from many allegations in their prior complaint. They also refused to even indicate what is legitimately based on information and belief. They have by their own admission added as defendants three individuals and four entities, nine years after the events at issue and over five years after filing their case.

Bryan Cave LLP
560 Mission Street, 25th floor
San Francisco, CA 94105-2994

Bryan Cave LLP
560 Mission Street, 25th floor
San Francisco, CA 94105-2994

**III. THE THIRD AMENDED COMPLAINT VIOLATES RULE 8(a)(2)**

As Defendants' concurrently filed Motion to Dismiss Pursuant to FRCP Rule 8 shows, this Court should dismiss Plaintiffs' TAC for failure to comply with Rule 8(a)(2). Rule 8(a)(2) requires Plaintiffs to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' extraordinarily verbose, confusing, and speculative pleading violates this requirement.

"The failure of a complaint to state a claim upon which relief can be granted is usually dealt with by a motion made under Rule 12(b)(6), while the need for supplying a more definite statement is ordinarily brought before the court by a motion invoking Rule 12(e)." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). "However, in an aggravated case a district court has discretion to dismiss an action for failure to comply with the requirement of Rule 8(a)(2)." *Id.* Dismissal is proper where the "complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Id.* (internal citations and quotations omitted).

Plaintiffs' TAC merits dismissal under this standard. The combination of its extraordinary length, generalized accusations and incoherence disguises the true substance of Plaintiffs' dispute. The TAC constitutes an aggravated case of failure and refusal by Plaintiffs to comply with court orders and the federal rule's requirements to plead a short and plain statement of their case. Plaintiffs have filed a TAC that violates the appellate and district courts' admonitions in multiple ways. They continue to morph their case at every turn solely to avoid dismissal and the inevitable: foreclosure.

Plaintiffs have bloated their TAC to such an extent that it is twice as long as the SAC.

Plaintiffs have added claims that are barred and patently frivolous. The products claim is barred by a two year statute of limitations; and in any event a loan is not a product, as more fully shown in Defendants' concurrently filed Motion to Dismiss Pursuant to FRCP Rule 12(b)(6). The new unjust enrichment claim is not cognizable because the parties had two loan contracts that governed their relationship, again as shown in Defendants' motion.

Plaintiffs also dramatically changed the focus of their conspiracy theory, swapping Wells Fargo for Bear Stearns in an incoherent RICO claim. Their SAC asserted conspiracy and RICO

Bryan Cave LLP
560 Mission Street, 25th floor
San Francisco, CA 94105-2994

enterprise claims centered on Wells Fargo and its CEO John Stumpf and had the purpose to refer customers to CHL and use CHL to generate subprime loans for Wells Fargo. *See* SAC ¶¶ 12, 54, 60, 360(a)(alleging a conspiracy with Wells Fargo to defraud homeowners), 383 (the individual defendants "along with CHL, CFC, Wells Fargo, BofA and Does 1 to 100, make up "BofA Enterprise.") The TAC now alleges something substantially different: that the moving Defendants were not really lending, but were brokering loans for Bear Stearns and JP Morgan, who were actually providing the funds, and conspired with Bear Stearns and JP Morgan to generate as many loans as possible for packaging into Mortgage Backed Securities ("MBS"). *See* TAC ¶¶ 2-6, 11 (at 5:12-14), 57-73, 83-102 (captioned "Official Formation of Bear Stearns-Countrywide Enterprise—2000-2001"), 103-118 (captioned "Defendants Implementing Bear Stearns-Countrywide Enterprise Goals"), 119-137 (captioned "Formation of Alliances to Conceal Fraud-MERSCORP & Financial Title Company et al") and 377 and 381 in the RICO counts, referring to "the Bear Stearns-Countrywide Enterprise."

Plaintiffs have loaded the TAC with historical allegations regarding every aspect of Wall Street's mortgage business, from mortgage backed securities to credit default swaps, as if this flotsam were relevant. It is improper. *See, e.g. Healing v. Jones*, 174 F. Supp. 211, 220 (D. Ariz. 1959).

Plaintiffs have also dumped into the TAC everything remotely related that they could find on the Internet, as if allegations made by others were a reliable basis for "information and belief." All these allegations are improper, for the reasons stated in Defendants' concurrently filed Motion to Strike Pursuant to FRCP Rule 12(f).

Plaintiffs have also added seven new defendants, nine years after the transactions at issue. One of them, MERSCORP, was sued in the state court action and dismissed. The dismissal was upheld on appeal. See Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss the Third Amended Complaint Pursuant to FRCP, Rule 12(b)(6), Ex. G. Thus, the claims against MERSCORP are barred by the doctrine of *res judicata*. None of these Defendants other than MERSCORP had prior notice of the claims against them, so all the claims against them

are time-barred. Plaintiffs even added a law firm and one of its attorneys, who have done nothing but represent defendants, conduct which is clearly privileged.

Plaintiffs also fail to comply with the requirement of pleading fraud based claims with specificity. They lump together in the TAC all the old and new defendants as one amorphous mass of "Defendants" and proceed to speak of them collectively, over the course of 126 pages and 438 paragraphs.

Additionally, Plaintiffs fail (indeed, refuse) to distinguish in over 400 paragraphs what is based on their first-hand knowledge and what is not, including many paragraphs that they have simply fabricated out of whole cloth with no basis in fact or information, in direct violation of the Court and the Ninth Circuit's instructions. *See, e.g.*, TAC ¶¶ 84-91, 144, 148, 152, 154, 205, 206, 209, 227, 230, 231-240, 248, 253, 294, 295, 299, 300, 305, 312, 313, 315 and 319 (imagining that the CEO of Bank of America was personally plotting against Plaintiffs in particular). These fantastical paragraphs demonstrate the utmost bad faith in pleading. Plaintiffs seem to think that they have the right to allege anything they imagine, even if they clearly have no information to support it.

Bryan Cave LLP
560 Mission Street, 25th floor
San Francisco, CA 94105-2994

## IV. FURTHER LEAVE TO AMEND SHOULD BE DENIED

Five factors are frequently used to determine whether it is appropriate to grant leave to amend: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; 4) futility of amendment; and 5) whether plaintiff has previously amended. *Allen v. City of Beverly Hills*, 911 F. 2d 367, 373 (9th Cir. 1990). These factors compel denial of leave to amend.

Plaintiffs disobeyed the Court's directive to make a short and plain statement of their claims, instead doubling the length of their complaint and loading it up with irrelevant allegations. By doing so, Plaintiffs have necessitated more motion work and unduly delayed this action, after already having been granted one extension to amend to make it short and plain, rather than longer and more confusing. Moreover, the addition of new claims and parties and the material changes in their conspiracy and RICO allegations already prejudices defendants. Furthermore, Defendants have filed motions to dismiss the TAC under Rules 8 and 12(b)(6); and to allow further amendment would be prejudicial to the time and effort invested in their preparation and to

Defendants' right to have those motions heard in a timely fashion. When the state court case is considered, Plaintiffs have now amended their complaints a total of at least seven times. They have been given extraordinary opportunity to plead cognizable claims. For these reasons, it would be inappropriate to grant further leave to amend.

**V. CONCLUSION**

Defendants have moved this Court to dismiss Plaintiffs' TAC without leave to amend, pursuant to FRCP Rules 8 and 12(b)(6). Given Plaintiffs' disregard of the rules and admonitions that they file a short and plain statement of their claims in the TAC, along with their expressed intent to aggravate their wrongs with another amendment, Defendants respectfully request that the Court find Plaintiffs not in compliance with the rules, that the Court dismiss the TAC with prejudice and deny leave to amend, and that the Court deny Plaintiffs' request to issue an order directing the U.S. Marshall Service to personally serve the newly added defendants.

In the alternative, Defendants request that the Court not address Plaintiffs' Notice until it rules on Defendants' two Motions to Dismiss Pursuant to FRCP, Rules 8 and Rule 12(b)(6), which are filed concurrently with this pleading.

Dated: January 20, 2015

**BRYAN CAVE LLP**
James Goldberg
Thomas S. Lee

By: ______________________
James Goldberg
Attorneys for Defendants
COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC., DAVID SAMBOL, MICHAEL COLYER, BANK OF AMERICA, and KENNETH LEWIS

Bryan Cave LLP
560 Mission Street, 25th floor
San Francisco, CA 94105-2994