UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID MERRITT, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>  Defendants. | Case No. 09-cv-01179-BLF<br><br>**ORDER GRANTING IN PART MOTION FOR LEAVE TO AMEND**<br><br>[Re: ECF 170] |

On January 2, 2015, *pro se* plaintiffs David and Salma Merritt ("Plaintiffs") filed their Third Amended Complaint, ECF 168, followed by a "Notice of Compliance with Ninth Circuit Order to Amend Complaint and Request for Order Directing U.S. Marshals Service to Serve Added Defendants" on January 4, 2015, ECF 170. This latter document was electronically filed by Plaintiffs as a "First Motion to Amend/Correct" and appeared to be a request that the Court grant leave to amend in order for Plaintiffs to add additional defendants. Construing it as such, the Court set a hearing on Plaintiffs' motion for leave to amend on February 19, 2015.

After more careful review of Plaintiffs' Third Amended Complaint, it appears that they have either failed to follow or misinterpreted the Court's direction in its Order on Remand that "[n]o other claims may be asserted in the amended pleading without leave of court." *See* ECF 150. It appears that the Third Amended Complaint drops a number of claims from the Second Amended Complaint (on which the Court granted leave to amend) and adds a number of new claims *without leave*.[1] The January 4, 2015 "Notice of Compliance" can thus be best construed as

---

[1] As best as the Court can tell, Plaintiffs have dropped the § 1981 (SAC Third COA), federal false advertising/marketing (SAC Sixth COA), breach of contract/fiduciary duty (SAC Seventh COA), "debt collection" (SAC Eighth COA), "failure to provide disclosures" (SAC Ninth COA), and "Debt-to-Income Ratio" (SAC Tenth COA) claims from the Second Amended Complaint. They

Plaintiffs' post-hoc request that the Court ratify their decision to add new claims and new parties to the Third Amended Complaint. This is entirely improper.

The Court ordered Plaintiffs to file an amended pleading only as to the claims set forth in the Order on Remand and notified them that they would need to affirmatively seek leave of court before adding new claims or parties. Plaintiffs have failed to do so. Under normal circumstances, the Court would *sua sponte* strike Plaintiffs' Third Amended Complaint for failure to comply with the Court's Order on Remand. However, although Defendants[2] oppose Plaintiffs' request to amend, *see* ECF 180, Defendants' Motion to Dismiss substantively addresses all of the claims in the Third Amended Complaint—new and old, *see* ECF 179. Thus, in the interest of judicial efficiency and of retaining the briefing and hearing schedule in this case, the Court HEREBY GRANTS IN PART Plaintiffs' "Notice of Compliance," which this Court construes as a motion for leave to amend, to the extent it seeks leave to add the new claims asserted in the Third Amended Complaint.[3]

Plaintiffs' request to add new parties presents a different question. Plaintiffs do not identify the new parties in their "Notice of Compliance," nor in their reply to Defendants' opposition. *See* ECF 170, ECF 187. Furthermore, though citing Federal Rule of Civil Procedure 15, Plaintiffs make no attempt to demonstrate that adding multiple new parties more than five years after the commencement of this action would be in the interest of justice. Although motions for leave to amend are typically granted with liberality, the Court must still consider the *Foman v. Davis*, 371 U.S. 178 (1962), factors of bad faith, undue delay, prejudice to the opposing party, and futility. *Id.* at 182; *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Here, Court finds that the extreme prejudice to Defendants—who have been litigating this case

---

have added claims for intentional misrepresentation (TAC Count III), unjust enrichment (TAC Count V), strict liability (TAC Count VI), strict products liability (TAC Count VII), and race and gender discrimination in violation of the Fair Housing Act and the Equal Credit Opportunity Act (TAC Count VIII) in the Third Amended Complaint.

[2] For purposes of this order, "Defendants" refers to defendants Bank of America, N.A., Michael Colyer, Countrywide Financial Corporation, Countrywide Home Loans, Inc., Ken Lewis, and David Sambol.

[3] The Court makes no determination on the substantive validity of the amended claims.

since 2009—and to potential new defendants from being added to a lawsuit concerning events that occurred nine years ago counsels against allowing Plaintiffs to add new defendants.[4] *See Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir. 1984) ("avoiding prejudice to the party to be added" is a "major objective").  Plaintiffs' "Notice of Compliance," which this Court construes as a motion for leave to amend, is HEREBY DENIED IN PART to the extent it seeks leave to add new defendants.

To recapitulate: the Third Amended Complaint at ECF 168 (minus the new parties identified in the caption) shall be deemed the operative complaint.  The Court will consider all of the defendants' motions to dismiss in light of the Third Amended Complaint.

This matter was deemed appropriate for submission without oral argument, and the February 19, 2015 hearing is accordingly VACATED.  Civ. L.R. 7-1(b).

**IT IS SO ORDERED.**

Dated: February 12, 2015

_____
BETH LABSON FREEMAN
United States District Judge

---

[4] Defendants also note in opposition that the addition of new defendants is futile, as Plaintiffs' claims against the new defendants are likely time barred, precluded by *res judicata*, or based on privileged conduct.  Def.'s Opp. 5-6, ECF 180.