**BRYAN CAVE LEIGHTON PAISNER LLP**
James Goldberg, California Bar No. 107990
Thomas S. Lee, California Bar No. 275706
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Telephone:     (415) 675-3400
Facsimile:      (415) 675-3434
E-Mail:          james.goldberg@bclplaw.com
E-Mail:          tom.lee@bclplaw.com

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE FINANCIAL CORPORATION,
BANK OF AMERICA CORPORATION, KENNETH LEWIS,
DAVID SAMBOL and MICHAEL COLYER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SALMA MERRITT AND DAVID MERRITT,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORP.; COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA; BEAR OF STERNS; JP MORGAN; MERSCORP; FINANCIAL TITLE CO.; CALWEST APPRAISAL; ANGELO MOZILO; DAVID SAMBOL; STANFORD KURLAND; MICHAEL COLYER; KENNETH LEWIS; JOHN BENSON; JOHNNY CHEN; BRYAN CAVE; JAMES GOLDBERG<br><br>Defendants. | Case No. 5:09-cv-01179 BLF<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A TRO AND OSC AGAINST FORECLOSURE**<br><br>*[Filed concurrently with Declaration of James Goldberg]*<br><br>Date:           N/A<br>Time:          N/A<br>Courtroom:   3, 5th Floor – San Jose<br><br>Date Action Filed: March 18, 2009<br>Trial Date: Not set (CASE DISMISSED) |

'USA01\11800274.5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Countrywide Financial Corp., Countrywide Home Loans, Inc. ("CHL"), David Sambol, Michael Colyer, Bank of America, N.A., and Kenneth Lewis (collectively "Bank of America Defendants") oppose Plaintiffs David and Salma Merritt's *ex parte* application for an injunction against a foreclosure sale that third parties have scheduled for June 27, 2018.

There are three independent procedural reasons why the Court should deny the Application without reaching the merits. First, Plaintiffs' pleadings in this case do not include the allegations said to support injunctive relief, *i.e.*, that in 2017 and 2018 parties other than Defendants improperly issued notices of default and sale and "double-tracked" foreclosure and consideration of loan modification applications. Second, no Bank of America Defendant is, in the words of Civil Code section 2924(a)(6), "the holder of the beneficial interest under ... the deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest" for the first loan that is the subject of the foreclosure; thus, the Bank of America Defendants did not initiate foreclosure and cannot prevent foreclosure, even if an injunction issued. Third, Plaintiffs have named the interested and indispensable parties (the holder of the beneficial interest under the deed of trust, the original trustee and the substituted trustee under the deed of trust) in a separate federal action and have filed the same application in that case, which is the only proper forum for its resolution.

There are also three independent substantive reasons why the Court should deny Plaintiff's Application. First, Plaintiffs cannot demonstrate a likelihood of success on the merits of their underlying claims against the Bank of America Defendants. This Court and the Santa Clara County Superior Court have already concluded that Plaintiffs' TILA, RESPA and fraud claims against the Bank of America Defendants, which Plaintiffs invoke to support their Application, fail as a matter of law. Second, Plaintiffs have unclean hands, because they have not made a mortgage payment in nearly ten years, prompting the foreclosure sale they seek to enjoin. Third, damages would suffice to compensate Plaintiffs in this case (if they could prove any compensable injury).

1  Indeed, Plaintiffs admit repeatedly that they were willing to relinquish the property to Bank of
2  America at the outset of this litigation.

3  **II.      PLAINTIFFS' THREE LAWSUITS CONCERNING THEIR LOANS**

4  On March 27, 2006, the Merritts purchased a property using a primary loan from CHL in
5  the amount of $591,200 and a secondary Home Equity Line of Credit, both secured by deeds of
6  trust. (Exhibit A. All Exhibits are attached to the Declaration of James Goldberg unless otherwise
7  noted.) Plaintiffs admit that they have "been in default since October/November 2008." (MPA at
8  18:4)

9  **Merritt I.** The Merritts filed this case against the Bank of America Defendants on March
10 18, 2009. This Court dismissed the federal claims with prejudice and declined to exercise pendent
11 jurisdiction over the state law claims. The Merritts appealed the dismissal of their federal claims.
12 The Ninth Circuit affirmed in part, dismissing the TILA damages claim regarding loan origination
13 and the TILA rescission claim as to the first loan. It also affirmed the dismissal of the RESPA
14 Section 9 claim. *Merritt v. Countrywide Financial Corp.*, 583 F. App'x 662, 664-65 (9th Cir.
15 2014) (mem.); *Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023, 1029 n. 7 (9th Cir. 2014).

16 On remand, the Merritts pursued only a RESPA Section 8 claim and a TILA rescission
17 claim as to their HELOC. In its September 17, 2015, Order (at 34:17-20), this Court dismissed
18 these claims with prejudice, holding that the rescission claim "arose out of 'residential mortgage
19 transaction' excepted from rescission."

20 The Merritts filed a Fourth Amended Complaint, seeking to state a RICO claim. Dkt. 228.
21 This Court dismissed it with prejudice on June 29, 2016. The judgment is now on appeal.

22 **Merritt II.** On December 22, 2009, the Merritts brought suit in Santa Clara County
23 Superior Court against the same Bank of America Defendants, reasserting their state law claims
24 with essentially the same factual allegations. Plaintiffs eventually filed an "Updated Third
25 Amended Complaint Reactivating Wells Fargo & Amending Bear Stearns," alleging, among other
26 things, that the Bank of America Defendants committed fraud at loan origination and provided
27 Plaintiffs with only "blank" copies of their loan documents. Goldberg Dec. ¶3.

28

The Bank of America Defendants filed a Verified Answer that attached 27 completed loan documents that Plaintiffs were given prior to and at closing, many of which Plaintiffs had signed. *Id.* Exhibit D. The Bank of America Defendants also filed a counterclaim that the loan modifications were valid and binding. *Id.* Exhibit E.

The Superior Court granted the Bank of America Defendants judgment on the pleading, holding that Plaintiffs had ratified their loan agreements by entering into loan modification agreements in 2009 after becoming aware of the alleged fraud, receiving completed copies of their original loan documents, and demanding rescission. *Id.* Exhibit F. This judgment is also on appeal.

**Enter US Bank; The Notice of Default and Notice of Sale.**  Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for CHL, was the original deed of trust beneficiary on the primary loan.  Exhibit B.  On May 4, 2011, MERS assigned Plaintiffs' First Deed of Trust to U.S. Bank, N.A. (Ex. C and Pl. RJN Ex. F; see also Merritt v. JPMorgan Chase, N.D. Cal. Case No.: 5:17-cv-0601-LHK ("Merritt III") Dkt. 129 at 2:16-17 ("As of May 2011, the beneficial interest in the loan was assigned to US Bank.")  On August 17, 2017, U.S. Bank executed a Substitution of Trustee, substituting Zieve, Brodnaz & Steele, LLP ("Zieve") as trustee under the Deed of Trust. (Merritt III Dkt. 130 at 9:4-5. See also Zieve RJN, Dkt. 130-1, and Exhibit 2.)

Also on August 17, 2017, Zieve recorded a Notice of Default for the primary loan. On May 17, 2018, after Plaintiffs failed to cure their default, Zieve recorded a Notice of Trustee's Sale. Merritt III Dkt. 130 at 10:3-11 and Dkt. 130-1, Exhibits 4-6.

**Merritt III.** On October 25, 2017, prompted by the Notice of Default, Plaintiffs filed a third lawsuit, this time naming U.S. Bank, Zieve, Specialized Loan Servicing ("SLS"), and other parties unrelated to the Bank of America Defendants (who were not named as defendants).  Merritt III, Dkt. 1. They filed in federal court because California state courts have deemed them vexatious litigants, barring them from filing lawsuits *in pro per* without court approval. *Merritt v. Gandhi*, 2015 WL 2446506, at *3 (2015). This third lawsuit challenges conduct in 2016 and 2017 by U.S.

Bank, Zieve and SLS; and its explicit goal is to stop the imminent foreclosure. See Merritt III, Dkt. 1 and Dkt. 109. Judge Koh referred this new case to this Court, which concluded that it is not closely related to Merritt I.

Motions to dismiss the Second Amended Complaint filed by four different sets of defendants (including the undersigned and his law firm, whom this Court forbade the Merritts to sue in Merritt I) are scheduled for hearing on October 11, 2018.  Goldberg Dec. ¶ 4.

Plaintiffs have filed effectively identical applications for injunctive relief in the trial courts responsible for all three lawsuits, as well as in their pending Ninth Circuit appeal of Merritt I.

## III. THE COURT SHOULD DECLINE TO CONSIDER THE MERITS OF THE APPLICATION FOR THREE PROCEDURAL REASONS

### A. The Application's Primary Issues Are Not Within the Scope of this Case

Plaintiffs' pleadings in this case do not include the allegations essential to their request for injunctive relief, *i.e.*, parties other than Defendants issued notices of default and sale in 2017 and 2018 and improperly "double-tracked" foreclosure and consideration of recent loan modification applications. For this reason alone, the Court should deny the Application without considering the merits. *See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (affirming denial of preliminary injunction "because the motion for relief was unrelated to the underlying complaint."); *see also Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (affirming denial of preliminary injunction because the relief requested was "not of the same character that could be granted finally" and involved matters "outside of the issues in the suit."); *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997).

### B. The Bank of America Defendants Have No Interest in the First Loan

No Bank of America Defendant is, in the words of Civil Code section 2924(a)(6), "the holder of the beneficial interest under ... the deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest" for the first loan that is the subject of the foreclosure.  Thus, not only did the Bank of America Defendants not initiate foreclosure, they also cannot prevent foreclosure, even if an injunction

issued. While Plaintiffs make some passing, oblique reference to "agent," they never argue that any Bank of America Defendant is the <u>designated</u> agent of the holder of the beneficial interest-- U.S. Bank-- let alone carry their burden of presenting evidence (a document) that would prove the latter had "designated" the former as its agent.[1/]

Indeed, Plaintiffs repeatedly admit that the Bank of America Defendants have no interest in the first loan, stating: "the defendants reassigned this mortgage note in May 2011" to "Defendants US Bank and SAMI" (Pl. MPA at 14:1-3), and the defendants "are admittedly not the actual beneficiaries ...." (Pl. MPA at 16:18).

Thus, the requested relief would be futile as to the Bank of America Defendants.

### C. Plaintiffs Have Presented an Effectively Identical Application to Judge Koh

Merritt III (which does not involve the Bank of America Defendants) names the only appropriate, interested, and indispensable parties to the request for injunctive relief: U.S. Bank, Zieve and Specialized Loan Servicing LLC. Plaintiffs filed an effectively identical application with Judge Koh on June 4, 2018, which four sets of defendants have opposed. Merritt III Dkt. 118-121, 133, 134 &135.  Judge Koh has not yet ruled on that application.

It is thus not only inappropriate but also unnecessary for this court to consider the instant application. *See R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 974–75 (9th Cir. 2011) ("courts usually avoid duplicative litigation when similar cases are pending in two different federal courts"); *Chiron Corp. v. Advanced Chemtech, Inc.*, 869 F.Supp. 800, 802 (N.D. Cal. 1994) (considering which district court in concurrent federal actions should determine claims

---

[1/] The party seeking injunctive relief carries the burden of "establish[ing] that he is likely to succeed on the merits." *Winter v. NRDC*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Plaintiffs' unsupported new allegations would not pass the pleading standard on actual claims, much less the higher burden of production and persuasion in showing a likelihood of success on the merits. *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F.Supp.2d 1186, 1200 (E.D. Cal. 2013) ("Plaintiffs' unsupported conclusory claims of absence of authority to foreclose offer nothing to substantiate a discrepancy in the foreclosure process.").

based on "whether or not the court has jurisdiction over the necessary or desirable parties and the extent to which the litigation may be comprehensively resolved" in that forum).

## IV. THE APPLICATION ALSO FAILS ON THE MERITS: PLAINTIFFS CANNOT SHOW THEY ARE ENTITLED TO EQUITABLE RELIEF

### A. Plaintiffs are Highly Unlikely to Succeed on the Merits of their Claims

To the extent Plaintiffs seek relief based on claims that the Bank of America Defendants are liable for fraud in the origination or modification of the first loan or for violations of TILA or RESPA, Plaintiffs cannot demonstrate any likelihood of success on the merits. This Court, along with the Ninth Circuit and the Santa Clara Superior Court, dismissed those claims with prejudice years ago. Additionally, on June 13, 2018, the Santa Clara Superior Court denied an effectively identical application for injunctive relief pending Plaintiffs' state court appeal, citing to California Code of Civil Procedure sections 391-391.7 regarding Vexatious Litigants, among other statutes. Exhibit G.

To the extent Plaintiffs pursue allegations and theories outside the scope of this action, the Oppositions filed by others before Judge Koh, including those filed by U.S. Bank and Zieve, demonstrate that success is not at all likely. In any event, those issues are for Judge Koh, not this Court.

### B. Plaintiffs Have Unclean Hands

"One who comes into equity must come with clean hands." Witkin, Summary of California Law, 11th Ed., Equity § 9 (2018). "This maxim … closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.,* 324 U.S. 806, 814 (1945).

Plaintiffs admit in their Verified Memorandum (MPA at 18:4) that they have "been in default since October/November 2008." Plaintiffs thus concede, under penalty of perjury, that for nearly ten years they have intentionally failed to comply with their contractual obligations. The doctrine of unclean hands thus precludes equitable relief. See, e.g. *Gillies v. JPMorgan Chase*

*Bank, N.A.*, 7 Cal. App. 5th 907, 909 (2017) ("Nonpayment of the mortgage for approximately eight years while the borrower remains in possession is an egregious abuse. Respondent argued, and the trial court agreed, that appellant is 'gaming the system.' The game is over.") *See also Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharmaceuticals Co.* 290 F.3d 578, 596 (3rd Cir. 2002) (in balancing the harm, the injury a party might suffer should be discounted if that party brought the injury upon itself).

### C. Damages Would Adequately Compensate Plaintiffs In this Case, if They Had a Viable Claim

Plaintiffs admittedly were willing to relinquish the property to their lender at the outset of this litigation and accept damages. Their Verified Memorandum states (MPA at 16:1-2): "In the year 2009, they were so upset and disturbed by the fraud which was uncovered that they were willing to walk away from this home [if] CHL/B of A returned their $200,000...."  Mr. Merritt's Declaration reiterates this statement (at 4:28): "In 2009, we asked BofA to simply return our $200,000 and we would give it our home and walk away." These statements prove that damages would be adequate to compensate Plaintiffs in this case, if they had a viable claim. While it is improbable Plaintiffs will lose some equity in foreclosure given that they have made no payments in close to ten years, damages would compensate for that loss.

Moreover, the only forms of relief Plaintiffs sought in their operative complaint, now on appeal to the Ninth Circuit, are damages and rescission of their HELOC. Foreclosure on the first loan will not bar Plaintiffs' damages or rescission claims. Thus, there can be no irreparable harm.

In a similar case, *Foster v. SCME Mortg. Bankers, Inc*., 2010 WL 2679943, at *2 (E.D. Cal. 2010), the district court denied a preliminary injunction of foreclosure pending an appeal, for two pertinent reasons. First, there was no valid legal claim on which to premise relief, because "plaintiff's wrongful foreclosure claim is based on the roundly rejected theory that only the holder of his Note can foreclose on his property." *Id.* Second, "Plaintiff has also failed to make any convincing showing that irreparable harm will be suffered if an injunction pending appeal is not granted. Although plaintiff once again invokes the maxim that losing one's home is irreparable

harm, he still has not shown that success on any of the causes of action for which he seeks an injunction would somehow affect the foreclosure of his home. Plaintiff's claims seek damages that would not be in jeopardy regardless of any foreclosure sale on his property." *Id.*

## V.   CONCLUSION

For these reasons, this Court should deny Plaintiffs' Application.

Dated:  June 15, 2018

**BRYAN CAVE LEIGTHON PAISNER LLP**
James Goldberg
Thomas S. Lee


By:   */s/ James Goldberg*
James Goldberg
Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE FINANCIAL CORPORATION,
BANK OF AMERICA CORPORATION,
KENNETH LEWIS, DAVID SAMBOL and
MICHAEL COLYER