UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID MERRITT, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendants. | Case No. 09-cv-01179-BLF<br><br>ORDER DENYING PLAINTIFFS' "VERIFIED EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE TO ENJOIN DEFENDANTS FROM SELLING REAL PROPERTY PENDING COURT OF APPEAL REVIEW"<br><br>[Re: ECF 285] |

Before the Court is Plaintiffs David and Salma Merritt's ("Plaintiffs") motion for temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue. *See* Mot., ECF 285; Verified Memorandum ("Mem."), ECF 285-1. On June 11, 2018, Plaintiffs filed the instant motion in this closed case seeking to enjoin "Countrywide Home Loans(CHL), Bank of America (BofA), Bear Stearns successor in interest JP Morgan Chase, Bryan Cave, and their agents, servants, employees including but not limited to Specialized Loan Servicing (SLS), predatory foreclosure Mill Zieve, Brodnax & Steele, US Bank (Defendants) and any of its employees, agents or servants and all persons associated with them and or acting in concert with them," from proceeding with the non-judicial foreclosure sale of Plaintiffs' residence set for June 27, 2018. *See* Mot. at 2.

United States District Court
Northern District of California

The Court ordered Defendants to file a response. ECF 286. On June 15, 2018, Defendants Countrywide Financial Corp., Countrywide Home Loans, Inc. ("CHL"), David Sambol, Michael Colyer, Bank of America, N.A., and Kenneth Lewis (collectively "Bank of America Defendants" or "Defendants") filed an opposition. ECF 287. The Court has also considered Plaintiffs' reply brief. ECF 288. For the reasons discussed below, Plaintiffs' motion for TRO and order to show cause is DENIED.

**I.     BACKGROUND**

The procedural history of this case provided below is also set forth at length in this Court's Prior Order Granting Defendants' Motion to Dismiss the Fourth Amended Complaint With Prejudice and Denying Plaintiffs' Motion to Amend. *See* ECF 269 ("Prior Order"). Plaintiffs initiated this lawsuit on March 18, 2009 to challenge the subprime loans they received to buy a house in Sunnyvale, CA. *See* Fourth Amended Complaint ¶ 110, ECF 228. Since then, Plaintiffs initiated three separate lawsuits alleging a different combination of claims against a different combination of defendants.

**A.     Federal and State Court Litigation**

Plaintiffs' original complaint in this action alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; gender and race discrimination in violation of 42 U.S.C. §§ 1981 and 1985; false advertising in violation of California Business & Professions Code § 17500 ("FAL"); unfair competition in violation of California Business & Professions Code §17200 ("UCL"); state law fraud and deceit; and breach of contract. Compl., ECF 1 ("*Merritt I*"). Plaintiffs added two new defendants, John Stumpf and Johnny Chen in a First Amended Complaint ("FAC"), adding claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. ECF 26.

While motions to dismiss the FAC were pending, Plaintiffs and some of the then-named defendants stipulated to allow Plaintiffs to file a Second Amended Complaint ("SAC"). Plaintiffs did so on June 19, 2009, adding civil claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. and the Lanham Act, 15 U.S.C. § 1125.

ECF 59. Following extensive motion practice, the Court dismissed Plaintiffs' SAC with prejudice on October 28, 2009.[1] ECF 125. Plaintiffs then appealed to the Court of Appeals for the Ninth Circuit, which appointed pro bono counsel to represent Plaintiffs before that court. *See Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1029 (9th Cir. 2014).

While the Ninth Circuit appeal was pending, Plaintiffs brought suit in Santa Clara County Superior Court against the Bank of America Defendants, alleging, among other things, that the Bank of America Defendants committed fraud at loan origination and provided Plaintiffs with only "blank" copies of their loan documents. *See* Goldberg Dec. ¶ 3, ECF 287-1 ("*Merritt II*"). The Bank of America Defendants moved for and were granted judgment on the pleadings by the Santa Clara Superior Court, which held that Plaintiffs had ratified their loan agreements by entering into loan modification agreements in 2009 after becoming aware of the alleged fraud, receiving completed copies of their original loan documents, and demanding rescission. *See* Goldberg Decl. Exh. F. That judgment is on appeal. Moreover, California state courts have deemed Plaintiffs vexatious litigants, barring them from filing lawsuits *in pro per* without court approval. *See Merritt v. Gandhi*, No. H039291, 2015 WL 2446506, at *3 (Cal. Ct. App. May 21, 2015).

Back in federal court, on July 16, 2014, the Ninth Circuit affirmed in part and vacated in part the district court's dismissal of the SAC over one dissent. The Court of Appeals affirmed the district court's dismissal of Plaintiffs' TILA damages claim to the extent it was based on 2006 events and of Plaintiffs' RESPA § 9 claim. The Court of Appeals also found that the district court had erred by requiring Plaintiffs to allege tender for their TILA rescission claim for the home equity line of credit ("HELOC"), *Merritt*, 759 F.3d at 1033; by failing to consider equitable tolling of the statute of limitations on Plaintiffs' RESPA claims, *id*. at 1040-41; and by failing to afford Plaintiffs an opportunity to amend the SAC after receiving notice of the deficiencies in their pleadings, *id*. at 1041. *See also* Memorandum Opinion, ECF 141 ("Mem. Op."), available at *Merritt v. Countrywide Fin. Corp.*, 583 F. App'x 662, 664-65 (9th Cir. 2014) (mem.). The Ninth

---

[1] References to the Court include actions taken by Judge Ware.

Circuit reinstated certain RESPA and TILA claims and vacated dismissal of Plaintiffs' § 1981 claim with instruction to this Court to grant Plaintiffs leave to amend as to that claim. *Id*. ¶¶ 2-3, 5. The Court of Appeals was silent with regard to Plaintiffs' RICO and Lanham Act claims.

This Court interpreted the Court of Appeals' mandate to require leave to amend all dismissed claims from the SAC for which the Ninth Circuit did not expressly affirm dismissal, including the claims under TILA, RESPA, the FAL, the UCL, the Lanham Act, RICO, and the FDCPA as well as fraud, breach of contract and breach of fiduciary duty. This Court issued a detailed "Order on Remand" providing Plaintiffs with "specific notice of the pleading requirements for each of the claims remaining in this case so as to afford Plaintiffs an opportunity to amend the complaint after receiving guidance from the Court." Order on Remand at 1, ECF 150. The Court then conducted an extensive case management conference with the parties and set a schedule for the filing of a third amended complaint. *See* ECF 158. The Third Amended Complaint ("TAC") was filed on January 2, 2015, asserting eleven claims: (1) violation of RICO; (2) conspiracy to violate RICO; (3) intentional misrepresentation; (4) violation of the UCL; (5) violation of the FAL; (6) unjust enrichment; (7) strict liability; (8) strict products liability for failing to warn of defects; (9) race and gender discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq., and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et seq.; (10) violation of TILA; and (11) violation of § 8(a) of RESPA, 12 U.S.C. § 2607(a). *See* ECF 168.

Plaintiffs then filed a "Notice of Compliance with Ninth Circuit Order to Amend Complaint and Request for Order Directing U.S. Marshals Service to Serve Added Defendants," ECF 170, which this Court construed as a motion for leave to amend to add additional claims and parties. The Court granted leave to advance the new claims, but denied Plaintiffs' request to add Bear Stearns and JP Morgan as defendants in this action. *See* ECF 196. On September 17, 2015, following argument on Defendants' motions to dismiss the TAC, the Court dismissed with prejudice (1) all claims against former defendant Benson as precluded by res judicata and collateral estoppel; (2) the RICO claim as time-barred, conclusory, and insufficiently plausible; (3) the TILA claim because the rescission remedy was unavailable for Plaintiffs' HELOC; and (4)

4

the strict liability claims because they were not linked to any physical product. TAC Dismissal Order at 18, 28, 34, 37, ECF 224. The Court also struck 52 paragraphs of the TAC for containing immaterial and impertinent allegations and explained that, based on the Court's prior order at ECF 196, Bear Stearns, JP Morgan, and six other named defendants were "stricken and may not be re-named as defendants." *Id*. at 23, 44.[2]

Plaintiffs filed the Fourth Amended Complaint ("4AC") on December 10, 2015. ECF 228. One day later, Plaintiffs filed a Motion to Amend, ECF 229, and filed their proposed Fifth Amended Complaint, ECF 231. Defendants moved to dismiss the Fourth Amended Complaint. ECF 234. In a 25-page opinion issued on June 29, 2016, this Court granted Defendants' motion to dismiss all claims in the Fourth Amended Complaint with prejudice, and denied Plaintiffs' motion for leave to file a Fifth Amended Complaint. ECF 269. The Court entered Judgment in favor of Defendants and against Plaintiffs on June 29, 2016. ECF 270. Plaintiffs appealed this Court's dismissal and final judgment, ECF 271, and the appeal remains pending before the Ninth Circuit.

### B. Foreclosure Proceedings and Additional Lawsuit

Underlying all of Plaintiffs' claims is their purchase of a residential property using a primary loan from CHL in the amount of $591,200 and a secondary Home Equity Line of Credit, both secured by deeds of trust. *See* Goldberg Decl. Exh A. Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for CHL, was the original deed of trust beneficiary on Plaintiffs' primary loan. *Id.* Exh. B. On May 4, 2011, MERS assigned Plaintiffs' First Deed of Trust to U.S. Bank, N.A. *See id.* Ex. C; *see also Merritt v. JPMorgan Chase*, N.D. Cal. Case No.: 5:17-cv-06101-LHK, ECF 129 at 2:16-17 ("As of May 2011, the beneficial interest in the loan was assigned to US Bank.") On August 17, 2017, U.S. Bank executed a Substitution of Trustee, substituting Zieve, Brodnaz & Steele, LLP ("Zieve") as trustee under the Deed of Trust. *Id.* ECF 130 at 9:4-5. Also on August 17, 2017, Zieve recorded a Notice of Default for the primary loan

---

[2] In addition, the Court dismissed with leave to amend the FHA and ECOA claims, as well as the UCL claim to the extent that it was premised on alleged FHA and ECOA violations. ECF 224 at 31, 36-37. Finally, the Court stayed Plaintiffs' state law claims for intentional misrepresentation, violation of the UCL to the extent it was grounded in fraud or unfair conduct, violation of the FAL, and unjust enrichment. *Id*. at 43.

5

Prompted by the Notice of Default, Plaintiffs filed a third lawsuit on October 25, 2017, naming U.S. Bank, J.P. Morgan Chase, N.A., Zieve, Specialized Loan Servicing ("SLS"), and other defendants—but not naming the Bank of America Defendants. *See Merritt v. JPMorgan Chase*, N.D. Cal. Case No.: 5:17-cv-06101-LHK ("*Merritt III*"), ECF 1. This third lawsuit challenges conduct in 2016 and 2017 by U.S. Bank, Zieve and SLS; and among other relief, Plaintiffs seek to stop the imminent foreclosure. *Id.* ECF 1, ECF 109.[3] That case remains open with four motions to dismiss pending as well as Plaintiffs' application for TRO.

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The plaintiff bears the burden of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

## III. DISCUSSION

Plaintiffs seek a TRO to enjoin the Bank of America Defendants, as well as several other parties who are not defendants in this lawsuit, from "taking any action whatsoever to foreclose on Plaintiffs [sic] family home and residence commonly known as 660 Pinnacles Ter., Sunnyvale, CA. 94085." Mot. at 2. Plaintiffs have filed nearly identical applications for a TRO and injunctive relief in the trial courts responsible for all three lawsuits outlined above, as well as in their pending Ninth Circuit appeal of *Merritt I*. *See* Opp'n at 4. Plaintiffs assert that their

---

[3] On May 17, 2018, after Plaintiffs failed to cure their default, Zieve recorded a Notice of Trustee's Sale. *Id.* ECF 130 at 10:3-11 and ECF 130-1, Exhibits 4-6.

6

emergency application for TRO is being brought "specifically due to the Defendants aggressive [sic] attempt to subvert and undermine the *status quo* during the pendency of this action's appeal that is before both the Ninth Circuit Court of Appeals and California 6th Dist. Ct. of Appeals, knowing that there is a likelihood that the case shall be reversed in one or both Court of Appeals if they follow similar principles that it applied when it issued its first reversal at 759 F.3d 1023." Mot. at 1-2.

The Bank of America Defendants point out that there are a myriad of procedural and substantive reasons to deny Plaintiffs' request in this case. *See* Opp'n at 4-8. The Court finds that, particularly in light of the procedural posture of this case in which final judgment has already been entered, Plaintiffs have failed to establish that they are likely to succeed on the merits of their claims against the Bank of America Defendants. *Heineke*, 2017 WL 4098887, at *4. This Court has already dismissed four versions of Plaintiffs' complaint, including several orders outlining the deficiencies in Plaintiffs' claims issued after the Ninth Circuit's remand, including: an 8-page order on remand (ECF 150), a 45-page order dismissing Plaintiffs' TAC with leave to amend (ECF 224), and a 25-page order dismissing Plaintiffs' Fourth Amended Complaint with prejudice (ECF 269).

Although it is not clear from Plaintiffs' application for a TRO, to the extent Plaintiffs seek relief based on claims that the Bank of America Defendants are liable for fraud in the origination or modification of the primary loan or for violations of TILA or RESPA, Plaintiffs cannot demonstrate any likelihood of success on the merits. The Court dismissed such claims *with prejudice* on June 29, 2016. ECF 269. Plaintiffs provide no basis other than pure conjecture that this Court's order and final judgment will be reversed by the Ninth Circuit. As explained in detail above, the Fourth Amended Complaint was markedly different from the Second Amended Complaint, asserting different claims against different defendants. The Ninth Circuit's reversal in part of the order dismissing the SAC requiring that the Court grant Plaintiffs' further leave to amend does not dictate the outcome of the Ninth Circuit's determination of this Court's dismissal of the Fourth Amended Complaint. Moreover, on June 13, 2018, the Santa Clara Superior Court in *Merritt II* denied Plaintiffs' application for injunctive relief pending Plaintiffs' state court

appeal. Goldberg Decl. Exh G.

In light of this Court's several rulings following remand outlining in detail why Plaintiffs' claims against the Bank of America Defendants were not adequately pled, this Court does not find that Plaintiffs are able to meet the even higher burden of persuasion to show likelihood of success on the merits of their claims. The Court is therefore unable to grant relief. *See Winter*, 555 U.S. at 20.

It also appears that this Court's issuance of a TRO could not provide the relief that Plaintiffs seek. U.S. Bank, Zieve, SLS, and other parties named in the TRO application are not parties to this action but rather are defending against a nearly identical request for injunctive relief before Judge Koh in *Merritt III*. Plaintiffs filed their pending application in *Merritt III* on June 4, 2018, and four sets of defendants have opposed. *Merritt v. JPMorgan Chase*, N.D. Cal. Case No.: 5:17-cv-06101-LHK, ECF 118. It would therefore be inappropriate and duplicative for this Court—having already entered final judgment against Plaintiffs—to issue a ruling that could conflict with the court's determination of Plaintiffs' application in *Merritt III*.

Defendants further point out that Plaintiffs' allegations in the instant case never included allegations essential to their request for injunctive relief, because the Bank of America Defendants are not alleged to have issued the notice of default and sale in 2017 and 2018 or improperly "double-tracked" foreclosure and consideration of recent loan modification applications.[4] *See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (affirming denial of preliminary injunction "because the motion for relief was unrelated to the underlying complaint."); *see also Kaimowitz v. Orlando, Fla*., 122 F.3d 41, 43 (11th Cir. 1997) (affirming denial of preliminary injunction where requested relief was "not of the same character that could be granted finally" and involved matters "outside of the issues in the suit.").

---

[4] The Court also finds that Plaintiffs have not shown that the Bank of America Defendants could prevent the foreclosure even if enjoined. Plaintiffs allege that the Bank of America Defendants reassigned the mortgage note on the primary loan in May 2011, "and have now instructed their agents to foreclose." Mem. at 14. But Plaintiffs do not provide any evidence that the Bank of America Defendants retain an interest in the first loan, and Plaintiffs concede that these Defendants "are admittedly not the actual beneficiaries." *Id.* at 16.

8

Unlike a request for a TRO in a new case where the Court evaluates for the first time whether a plaintiff is likely to succeed on the merits, this Court has already determined several times that Plaintiffs have not alleged viable claims against the Bank of America Defendants. *See, e.g.*, ECF 150, 224, 269. Accordingly, Plaintiffs' have not shown that they are likely to succeed on the merits and their request for a TRO and order to show cause why a preliminary injunction should not issue is DENIED. This Court's determination is without prejudice to other injunctive relief Plaintiffs may obtain in *Merritt II*, *Merritt III*, or any other proceeding.

**IT IS SO ORDERED.**

Dated: June 21, 2018

_____
BETH LABSON FREEMAN
United States District Judge